Bowen *v.* Bowen, Appellant.

Argued November 11, 1936. 

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADT-
FELD, PARKER, JAMES and RHODES, JJ. 

*Hardie Scott,* with him *John R. K. Scott* and *William
T. Connor,* for appellant.

No appearance was made, nor brief filed, for appellee.

PER CURIAM, January 29, 1937:

It has been the practice, at least since the case of
*Breinig v. Breinig,* 26 Pa. 161, to allow a wife, without
a separate estate of her own who is defending an action
of divorce, such reasonable sum as will enable her to
present her case, to the end that justice be not denied
her. The amount to be allowed her for her defense was
said in that case to be "a question for the discretion
of the court." It is only in unusual cases, when a clear
abuse of that discretion is apparent, that we will in-
terfere with the amount thus allowed.

In the present case the court below made an order
on the libellant to pay his wife's attorney a counsel fee
of $35; and on the death of that counsel entered a

second order for a fee of $35 to counsel who succeeded him. The libellant complied with both these orders.

The master, to whom the case had been referred, filed a report recommending that the divorce be refused. Exceptions to the master's report were dismissed by the court below and a final decree was entered dismissing the libel.

The respondent then presented a petition asking for the allowance of an additional counsel fee of $1,000 and reimbursement of $50 paid by her for witness fees. Of this counsel fee, she averred, she had advanced out of her own estate the sum of $500, which she asked to be refunded to her.

The court below granted a rule which it subsequently discharged. In his opinion the learned President Judge of the court below pointed out that the libellant is a policeman earning $6 a day, from which payments for pension, insurance and uniforms amounting to $250 a year must be deducted; that he has been and is paying respondent $28 a month for her support under an order of the Municipal Court; that the divorce action was not brought out of levity and was supported by testimony which established his good faith in bringing suit; that the hearings had been unnecessarily extended, and that the matter might properly have been disposed of in considerably less than twenty-four meetings, and in a shorter time than nine months and a half.

The court concluded, from a review of the facts revealed by the depositions, that the fee already received by the counsel for respondent was sufficient and that the libellant should not be subjected to further expense, considering his station in life, the wages that he received and the expenditures he was obliged to make therefrom; and that it would not countenance undue prolongation of litigation in cases of this character nor applications for counsel fees "which would be in the nature of a penalty rather than a just, fair adjudica-

tion of the cause, where the action is brought in good faith."

Counsel fees in divorce actions should bear some fair relation to the libellant's estate and station in life; and special care should be taken that the allowance is not such as to encourage unnecessary prolongation of the hearings. The specific cases relied on by the appellant were concerned with libellants possessed of great means or in receipt of large incomes. They cannot be applied to one of the limited means and resources of this libellant. It is well recognized that in divorce cases brought by persons of small means large counsel fees cannot be paid, and attorneys who press or defend such actions understand this and make due allowance therefor. The necessities of the case require it and the profession generally recognizes it.

Counsel have received $535 for their services, which were successful in resisting the divorce. The respondent was not denied justice. That she contributed to the result out of her own means does not necessarily call for reimbursement of the money paid by her.

We find no such abuse of discretion by the court below as to require a reversal of the order.

Order affirmed.