## Wargo v. Wargo

*A. D. Bavolack*, for plaintiff.

*John Skweir* and *Rocco C. Falvello*, for defendant.

STAUDENMEIER, J., March 20, 1950.—On March 21, 1949, Albert W. Wargo, plaintiff, filed a complaint in divorce against Lucille M. Wargo, defendant, on the grounds of indignities and cruel and barbarous treatment. The complaint shows that plaintiff and defendant were married on October 2, 1920.

Defendant was served with a copy of the complaint on April 1, 1949, at her home at 134 W. Clay Avenue, West Hazleton, Luzerne County, Pa.

On April 18, 1949, a petition for alimony pendente lite and counsel fees, and a præcipe for a bill of particulars in accordance with Pa. R. C. P. 1128 were filed by defendant.

On May 13, 1949, plaintiff filed a bill of particulars averring, inter alia, improper conduct and relations on the part of defendant, with other men. The allegations being of a grave and serious nature, no purpose would be served by repeating them here.

On July 25, 1949, this court ordered plaintiff to pay to defendant the sum of $50 per month as alimony pendente lite, payable semi-monthly, first payment to be made August 1, 1949, and to pay additionally $75 as counsel fees and costs.

On August 8, 1949, plaintiff filed a petition to discontinue the divorce proceeding, alleging that since the institution of the proceedings he has suffered and is suffering from "coronary occlusions", and due to his physical condition has not been employed since May 13, 1949, and further that because of his physical condition a continuance of these proceedings would aggravate his condition. An order was made on August 8, 1949, in the nature of a rule to show cause why the discontinuance of the above action should not be allowed.

On August 18, 1949, defendant filed an answer to this petition for discontinuance alleging, inter alia, that the petition for discontinuance is being presented for no other purpose than to deny defendant her right to alimony pendente lite, and that bill of particulars filed by plaintiff under date of May 11, 1949, attempted to blacken the name, character, and reputation of defendant, and the children born of this union which has existed since October 2, 1920.

On January 31, 1950, plaintiff sent a cashier's check in the amount of $375 and another check in the sum of $25 to defendant to cover counsel fees and alimony, paying the same up to February 15, 1950, so that plaintiff was not in default under the order of court previously made, and disposition of this case can properly be made by the court at this time.

Defendant contends that a discontinuance will cause her to suffer a disadvantage in that she will be unable to present testimony to prove the allegations false. As already stated herein, the matters set forth in the bill of particulars are of grave and serious nature. It is true that some of the matters would have no place in evidence, for the reason that plaintiff having lived with defendant subsequent to the occurrences as set forth, condoned the offenses if they had been committed. However, there are averments as to actions of defendant with other men which would be proper evidence in the present divorce proceedings, and these averments are suggestive of adultery committed by defendant.

Ordinarily, a plaintiff may at any time prior to a decree have a complaint dismissed.

In the case of Wurst v. Wurst, 14 Dist. R. 682, the court said:

"The court will not refuse an application to dismiss unless the defendant will thereby suffer a disadvantage, or unless the public has an interest in the action. Where the legality of the marriage is attacked, or where there is a charge of adultery, the application to discontinue is usually disallowed."

In the case of Crosby v. Crosby, 42 D. & C. 452, 454, the court said:

"An examination of the authorities in this State finds them to the effect that divorce actions are to be discouraged and that a libellant may suffer a non-suit as in other actions save under exceptional cases:

Koecker v. Koecker, 7 Phila. 364; Wurst v. Wurst, supra. Those exceptional cases have been held to be where the legality of the marriage is attacked or where there is a charge of adultery: Schwindt v. Schwindt, 23 Dist. R. 506; Murphy v. Murphy, 8 Phila. 357."

If plaintiff in his petition to discontinue made an admission that he does not have evidence to sustain the charges of cruel and barbarous treatment and indignities, and especially the charges as set forth in the bill of particulars, this court would be of the opinion that the reputation and standing of defendant would not have been affected, but inasmuch as the only ground set forth in the petition to discontinue is that the physical condition of plaintiff is such that further proceedings will aggravate his condition, we have no other recourse than to refuse the allowance of an order to discontinue.

And now, to wit, March 20, 1950, the rule granted to show cause why this divorce proceeding should not be discontinued is hereby dismissed.