## Morgan *v.* Morgan, Appellant.

Argued October 3, 1956. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ.

*Hymen Schwartz,* for appellant.

*John V. Doughten,* for appellee.

OPINION BY HIRT, J., November 13, 1956:

The plaintiff brought her action in divorce on the grounds of indignities and cruel and barbarous treatment. On January 8, 1955 the court appointed a master. Following the appearance of Hyman Schwartz, Esq., for the husband on January 19, 1955, the record discloses 30 docket entries, in all, which evidence not only diligence of plaintiff's counsel but also the extent of the defensive measures interposed by the defendant. In response to his rule the wife filed a bill of particulars voluminous in scope, setting forth her specific complaints. There were rules for amendment of the

complaint and for stays of the proceedings from time to time. On February 17, 1955, the husband petitioned for a jury trial; the request however was withdrawn on March 30, 1955. Thereafter Judge Bok, after vacating the appointment of the master, heard this contested divorce case in open court. Hyman Schwartz had withdrawn as defendant's counsel on June 10, 1955, but prior to hearing the testimony Judge Bok, through the Legal Aid Society, secured the services of Vito N. Pisciotta, Esq., to represent the defendant without expense to him. There were nine days of hearing the evidence and the transcribed testimony produced a record of 1070 pages, exclusive of 72 exhibits offered by the defendant. "The unusual length of this record [as stated by Judge Bok] is due to defendant's anxious concern to present all possible points, both in examination and cross-examination and the Court's feeling that he should be allowed to do so." In deciding the issues, the court found that plaintiff had sustained her charge of indignities and that defendant's testimony was incredible in material respects. The court accordingly on July 15, 1955 issued a final rule in divorce a.v.m. on that ground.

On February 5, 1955 plaintiff Evelyn Morgan had filed her original petition for alimony pendente lite, counsel fees and costs and a rule was granted on her petition. On February 11, 1955 the court prospectively made an initial order on defendant for counsel fees, in a nominal amount. To this order defendant filed exceptions and the question of fees was held in abeyance until after the completion of the hearings on the merits of the divorce case. When the decree nisi was entered on July 15, 1955, the question of the amount of counsel fees, alimony pendente lite, and costs and expenses to which plaintiff was entitled had never been deter-

mined. On August 16, 1955, plaintiff waived her right to alimony pendente lite but on that date by petition she reopened her demand on defendant for the payment of the fee of her counsel and the costs paid by her as her necessary expense of the litigation. According to the itemized statement in her petition these expenses amounted in all to $614.15.

The rule has been that generally "suit money and counsel fees will be allowed only for expenses to be incurred and attorney's services to be performed in the future": 27 C.J.S., Divorce, §216. In *Breinig v. Breinig*, 26 Pa. 161 (1856) the rule was thus referred to. "It has been the uniform practice to allow a wife destitute of a separate estate, who is either suing or defending a case of divorce, such reasonable sum as will enable her to carry it on." The rule, from a realistic approach to the practical considerations involved, has been recently relaxed. So that now it has been held (*Rothman v. Rothman*, 180 Pa. Superior Ct. 421, 119 A. 2d 584) that the lower court may order a husband to pay counsel fees even after the expiration of the appeal period, subsequent to a final decree in divorce. "From their very nature applications for counsel fees, and more especially for expenses, must frequently be held off, in some instances until after final decree." We agree with the above statement in 2 Freedman, Marriage and Divorce, §445. The reasons for the above present-day rule are thus stated by Freedman: " . . . it is difficult, in many cases, to determine the extent of legal services required until after the suit is well under way; and in many instances determination cannot be reached until after final decree, and, in some cases, not until after appeal. This is equally true of expenses. The cost of summoning witnesses, of securing transcripts of the testimony and of printing the briefs and

record upon appeal cannot be ascertained with exactness until these expenses are actually incurred. Counsel fees, and expenses may, therefore, be allowed even though applied for after final decree."

But even under a strict application of the rule of *Breinig v. Breinig,* supra, plaintiff would be entitled to an order for counsel fees and expenses. The petition of August 16, 1955 was not a new application; it merely implemented the original petition of February 4, 1955, and entirely as a supplement to it, by setting forth the extent of the services rendered by counsel, and an itemized statement of expenses and costs. The application therefore became a part of the original petition of February 4, 1955 on which no final order had been made.

Plaintiff had no separate estate and her earnings in her employment were moderate. She was able to borrow funds to make the deposits required of her during the trial, for the services of the court stenographer. Plaintiff asked for $2,000 additional counsel fees. Judge BoK in awarding counsel fees allowed $500 as "fair and proper under the circumstances." The amount to be allowed as counsel fees is within the discretion of the court and we may not interfere in this instance in the absence of a clear showing of an abuse of that discretion. Cf. *Bowen v. Bowen,* 124 Pa. Superior Ct. 544, 189 A. 529.

So also the propriety of the order on respondent for the payment of expenses paid by the plaintiff cannot be doubted. The court stenographer's charge was the largest item of expenses. She paid it (and there is no denial of this by defendant) and alleged that she was obliged to pay it in accordance with the practice in Philadelphia. In §46 of the Act of May 2, 1929, P. L. 1237, 23 PS §46, as amended, it is provided that "in

proper cases" of divorce, the court upon petition may allow a wife "reasonable counsel fees and expenses". By §56 of the Act, 23 PS §56, the court is authorized to "award costs to the party in whose behalf the sentence or decree shall pass." While admittedly "costs" as such are not taxable until after final judgment, here the "costs" allowed by the lower court were actually plaintiff's expenses, necessarily incurred by her in the prosecution of her case. See 2 Freedman, Marriage and Divorce, §677.

With respect to court stenographer's costs the appellant refers to §3 of the Act of May 11, 1911, P. L. 279, 12 PS §1198 and the Act of May 1, 1907, P. L. 135. Neither of these acts throw any light on the propriety of an order of court on a husband in a divorce case to pay the stenographer's fees as necessary expenses which the wife was obliged to pay.

Order affirmed.