Campana, Appellant, *v.* Campana.

Argued March 20, 1958. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, and WATKINS, JJ. (ERVIN, J., absent).

*Alexander Schamban,* for appellant.

*A. D. Gordon,* for appellee.

474

OPINION BY HIRT, J., June 11, 1958.

In this divorce action the lower court ordered the plaintiff to pay his wife $2,500 for counsel fees in addition to $200 previously awarded. This appeal is from that order.

The Act of May 25, 1933, P. L. 1020, 23 PS §46, essentially a rescript of prior divorce legislation, provides: ". . . the court may, upon petition, in proper cases, allow a wife . . . reasonable counsel fees and expenses." Regardless of legislative sanction it always has been the uniform practice for a court to allow a wife who is a party in a case of divorce "such reason-- able sum as will enable her to carry it on. She cannot sue [or defend] *in forma pauperis,* for she is not a pauper if she is the wife of a man who has property": *Breinig v. Breinig,* 26 Pa. 161. In the present case it is of no moment that the award was made after the final order dismissing the husband's complaint. *Rothman v. Rothman,* 180 Pa. Superior Ct. 421, 119 A. 2d 584; *Morgan v. Morgan,* 182 Pa. Superior Ct. 182, 126 A. 2d 805. ". . . in many instances determination [of the extent of legal services required] cannot be reached until after final decree, and, in some cases, not until after appeal": 2 Freedman, Marriage and Divorce, 2nd Ed., §445.

How much shall be allowed to a wife as counsel fees is a matter of judicial discretion and the validity of the order depends upon the proper exercise of that discretion. In *Brong v. Brong,* 129 Pa. Superior Ct. 224, 195 A. 439, Mr. Justice PARKER, then of this Court, stated the controlling principles thus: "There are no fixed rules as to the amount to be allowed. It is not to be measured solely by the value of counsel's services or by the wife's necessities. The husband's ability to pay, the separate estate of the wife, the character, situation and surroundings of the parties are

all to be considered in determining a fair and just amount which the husband should pay': Karmany v. Karmany, 71 Pa. Superior Ct. 308, 310. To deny a destitute wife the means to pay for process and professional aid is to deny her justice (Hartje v. Hartje, 39 Pa. Superior Ct. 490), and likewise to deny an innocent and injured husband a divorce unless he pay counsel fees beyond his ability to pay is to close the doors of the courts to many worthy suitors. The statute contemplates the payment of a *reasonable* counsel fee, limited by the necessities appearing from the evidence, such as will as nearly as possible promote the administration of fair and impartial justice by placing the parties on a par in defending their rights."

The divorce law in Pennsylvania began with the Act of September 19, 1785, 2 Sm. L. 343. And counsel down to the present time have recognized that whether one is entitled to a divorce is not to be made dependent wholly upon his financial status. Nor is either party required to submit to a decree for want of resources necessary to interposing an available defense. Lawyers in general have accommodated themselves as to their fees in divorce cases to the financial ability of the party obliged to pay even to the point of being illy paid for the services rendered. This was recognized in *Bowen v. Bowen,* 124 Pa. Superior Ct. 544, 189 A. 529 where we said: "Counsel fees in divorce actions should bear some fair relation to the libellant's estate and station in life; and special care should be taken that the allowance is not such as to encourage unnecessary prolongation of the hearings. The specific cases relied on by the appellant were concerned with libellants possessed of great means or in receipt of large incomes. They cannot be applied to one of the limited means and resources of this libellant. It is well recognized that in divorce cases brought by per-

sons of small means large counsel fees cannot be paid, and attorneys who press or defend such actions understand this and make due allowance therefor. The necessities of the case require it and the profession generally recognizes it." Cf. also, *Koehler v. Koehler*, 73 Pa. Superior Ct. 41, 43.

Accordingly the general rule is that in determining the amount to be allowed the wife for counsel fees the value of counsel's services is not controlling, but the wife's necessities to the extent of the husband's ability to pay are also necessary considerations. *Rothman v. Rothman*, supra. In *Gangloff v. Gangloff*, 163 Pa. Superior Ct. 570, 63 A. 2d 115, the applicable rule, for determining a fair and just amount of alimony pendente lite, was stated in this language: "Respondent's ability to pay, the separate estate and income of the libellant, the character, situation, and surroundings of the parties are all factors to be considered . . ." The same principles apply to fixing the amount of an order for counsel fees.

The hearing judge in the present case was the late Judge CRUMLISH. The memorandum opinion in this appeal was filed not by him but by the court, per curiam, after his death. Judge CRUMLISH may have had information indicating the propriety of an attorney fee of $2,500 in the light of the husband's ability to pay. But on the record before us we are unable to decide the single issue on this appeal whether the lower court abused its discretion in making the order. The record is entirely barren of evidence of the plaintiff's financial ability.

Accordingly, the order is reversed and the record is remanded for redetermination after further hearing as to plaintiff's financial resources, the separate estate of the wife if any, and all other elements bearing upon the amount of a reasonable counsel fee for the wife.