Wargo, Appellant, *v.* Wargo.

Argued September 15, 1959. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (HIRT, J., absent).

*D. J. Boyle,* with him *John T. Pfeiffer, III,* for appellant.

*Rocco C. Falvello,* with him *John Skweir,* for appellee.

OPINION BY WRIGHT, J., November 11, 1959:

This case comes before us for the third time.[1] The present appeal is from an order of the court below directing appellant to pay the sum of $400.00 additional counsel fees. The parties were married on October 2, 1920, and separated on April 5, 1948. On March 21, 1949, the husband filed a complaint in divorce on the grounds of cruel and barbarous treatment and indignities to the person. On April 18, 1949, the wife peti-

---

[1] See *Wargo v. Wargo,* 184 Pa. Superior Ct. 587, 136 A. 2d 163, and *Wargo v. Wargo,* 190 Pa. Superior Ct. 356, 154 A. 2d 339.

tioned for alimony pendente lite and counsel fees. Upon being ruled to do so, the husband, on May 13, 1949, filed a bill of particulars containing averments of misconduct "suggestive of adultery". On July 25, 1949, the court below directed the payment of $50.00 per month alimony pendente lite, and the sum of $75.00 counsel fees. On August 8, 1949, upon petition of the husband, a rule was granted to show cause why the divorce action should not be discontinued. On March 20, 1950, this rule was discharged on the ground that the averments of misconduct in the bill of particulars had not been retracted.[2] The husband thereafter took no action in the divorce proceeding. However, as will appear from our former opinions, the wife made repeated efforts, eventually unsuccessful, to collect arrearages on the award of alimony pendente lite.

The particular proceeding leading to the instant appeal had its inception on March 9, 1959, when the wife, appellee here, filed a petition for additional counsel fees in the sum of $1,200.00, plus printing costs. The petition contained an averment that the husband was regularly employed by the Chevrolet Company in Tonawanda, New York, earning approximately $7,500.00 per year. To the rule granted on said petition the husband filed an answer containing only a general denial which, under Pa. R. C. P. 1029, had the effect of an admission. Cf. *Foust v. Foust,* 144 Pa. Superior Ct. 513, 19 A. 2d 517.

Appellant's first two, and principal contentions, may be treated together. He argues that additional counsel fees may not be awarded (1) where the divorce action had been abandoned for a period of over ten years and (2) where the services of counsel consisted solely of fruitless attempts to collect arrearages of alimony pendente lite. We have repeatedly stated

[2] See *Wargo v. Wargo,* 75 Pa. D. & C. 330.

that the amount to be allowed as counsel fees is within the discretion of the court below, and that the appellate court will not interfere in the absence of a clear showing of an abuse of that discretion.[3] While appellant attempted to abandon the action, this circumstance is not conclusive so far as the instant proceeding is concerned. Appellant was in fact denied permission to discontinue. See Goodrich-Amram, Section 229-8. The action remains open on the records of Schuylkill County, where it is now "spread over" some eighteen pages of the docket. Nor are we persuaded by appellant's contention that the services of counsel were fruitless. The legal questions involved in the prior appeals were theretofore unsettled, and appellee was not at fault in attempting to pursue all possible remedies. We are clearly of the opinion that appellant has not shown an abuse of discretion on the part of the court below.

Appellant also contends that the payment of additional counsel fees should not have been ordered merely upon petition and answer without a prior hearing. It should be here noted that no objection is made, nor could there well be, to the amount actually awarded. Under the circumstances of the instant case, the court below was entirely justified in taking the position that no hearing was necessary. In the words of Judge STAUDENMEIER "the litigation with all its ramifications has been before us since 1949 and hence we are familiar with the parties and the attendant circumstances".

---

[3] See, inter alia, *Morgan v. Morgan*, 182 Pa. Superior Ct. 182, 126 A. 2d 805; *Albrecht v. Albrecht*, 175 Pa. Superior Ct. 650, 107 A. 2d 209; *Bredbenner v. Bredbenner*, 175 Pa. Superior Ct. 580, 107 A. 2d 169; *Brady v. Brady*, 168 Pa. Superior Ct. 538, 79 A. 2d 803; *Scholl v. Scholl*, 154 Pa. Superior Ct. 57, 35 A. 2d 528; *Bowen v. Bowen*, 124 Pa. Superior Ct. 544, 189 A. 529; *Lynn v. Lynn*, 68 Pa. Superior Ct. 324; *Hartje v. Hartje*, 39 Pa. Superior Ct. 490.

Two incidental matters should be mentioned. (1) The order below also directed payment of "the cost of printing her paper book in the pending appeal before the Superior Court". The brief submitted by appellee on that appeal was actually not printed. The order below will therefore be modified by vacating the portion thereof which relates to the cost of printing. (2) Appellee filed a motion to quash the instant appeal because of appellant's alleged failure to comply with our Rules 30 and 38. This matter has in effect become moot in view of our determination of the merits.

The motion to quash is dismissed, and the order of the court below, as modified, is affirmed.