Opinion by
 

 Woodside, J.,
 

 This is an appeal by a husband from an order allowing his wife counsel fees and expenses in a divorce case. When the wife filed an action in divorce against her husband, she also petitioned for alimony pendente lite, counsel fees and expenses. . The husband answered both the petition and the complaint in divorce.
 

 After a hearing the court below refused the request for alimony pendente lite, but awarded $200 for counsel fees and $100 for expenses. The husband appealed. The making of such allowances is not mandatory.
 
 Hanson v. Hanson,
 
 177 Pa. Superior Ct. 384, 386, 110 A. 2d 750 (1955). Under the circumstances of this case, the court below properly refused alimony.
 

 The evidence shows that the parties were both employed, that the wife was residing in a trailer owned
 
 *252
 
 jointly with her husband and that there were no children born to the marriage. Both own automobiles. The wife’s gross earnings are approximately $77 per week and the husband’s gross earnings are approximately $92 per week.
 
 [1]
 

 The Act of May
 
 2,
 
 1929, P. L. 1237, §46, as amended, 23 P.S. §46, provides: “In case of divorce from the bonds of matrimony or bed and board, the court may, upon petition, in proper cases, allow a wife reasonable alimony pendente lite and reasonable counsel fees and expenses.”
 
 [2]
 

 Whether counsel fees and expenses are to be allowed in divorce cases and the amount thereof is within the discretion of the court below. Appellate courts do not interfere in the absence of a clear showing of an abuse of discretion.
 
 Wargo v. Wargo,
 
 191 Pa. Superior Ct. 10, 13, 155 A. 2d 423 (1959).
 

 No rules can be applied with mathematical precision to determine when the court should allow counsel fees and expenses or how much they should be. Counsel fees are not to be measured solely by the value of counsel’s services or by the wife’s necessities. The husband’s ability to pay as determined by his estate, his income and his earning capacity, the need of his wife as determined by her income and her separate estate, and “the character, situation and surroundings
 
 *253
 
 of the parties” are all to be considered.
 
 Shuman v. Shuman,
 
 195 Pa. Superior Ct. 155, 157, 170 A. 2d 602 (1961);
 
 Moore v. Moore,
 
 198 Pa. Superior Ct. 349, 354, 181 A. 2d 714 (1962);
 
 Rothman v. Rothman,
 
 180 Pa. Superior Ct. 421, 425, 119 A. 2d 584 (1956).
 

 It is'clear from the statute that the legislature .did not intend to have the husband pay the wife’s counsel fees in all divorce actions. A wife may be required' to pay her counsel’s fees and expenses in whole or in part.
 
 Seery v. Seery,
 
 183 Pa. Superior Ct. 322, 330, 131 A. 2d 845 (1957);
 
 Tumini v. Tumini,
 
 150 Pa. Superior Ct. 363, 366, 28 A. 2d 357 (1942);
 
 Hanson v. Hanson,
 
 supra, 177 Pa. Superior Ct. 384, 386, 110 A. 2d 750 (1955.).
 

 In the case before us, the wife asked for $400 counsel fees and $150 expenses. The court below allowed only $200 for. counsel fees and $100 for expenses. From the difference between the amount claimed and the amount allowed and also from the recorded" colloquy of the judge and counsel, it appears that the court did not consider the allowance to be in full reimbursement for the expenditures which the' wife may be required to make in the employment of counsel, but merely sufficient in amount to prevent that denial of justice which is the main concern of the courts. See
 
 Shuman v. Shuman,
 
 supra, 195 Pa. Superior Ct. 155, 158, 170 A. 2d 602 (1961); and
 
 Carle v. Carle,
 
 192 Pa. Superior Ct. 490, 498, 162 A. 2d 38 (1960).
 

 The appellant ■ cites Freedman’s Law of Marriage and Divorce in Pennsylvania, 2nd Edition, §435, for the proposition that the right to “counsel fees and expenses arose from the common law principle which' vested in the husband, immediately upon marriage, the title to all property of his wife, and left her without a separate estate.” Counsel argues that since the status of women has changed, the rule should be changed and that a wife whose income or estate approximates that
 
 *254
 
 of her hnshand should be denied an order for alimony pendente lite, counsel fees and expenses. This contention is not entirely without merit, and it may be that the law is too slow in adjusting to changed conditions. We recognize that under certain circumstances, as where the wife’s estate and income substantially exceed that of her husband, an order for counsel fees and expenses would be improper.
 

 It is argued that the husband and wife here are on the same economic plane, having substantially the same income. But, the husband is earning more than his wife and has no order of support against him. Under all the circumstances, we are of the opinion that the court below did not abuse its discretion in ordering the husband to pay part of his wife’s counsel fees and expenses. The question here is not what we would have done, but whether the court below abused its discretion.
 

 The appellee argues that she has no money for counsel fees because she spends all her wages. There was testimony concerning the wife’s expenditures for clothes, food, taxes, an operator’s license, electricity, cosmetics and similar items. Detailed testimony of how a wife spends her money or what she “needs” is frequently a waste of the court’s time. Necessary expenditures is a relative term depending primarily upon the money available to spend. The hearing judge can take judicial notice of the ordinary needs of the petitioner. Beyond that, a petitioner’s “needs” are primarily a state of mind. Situations requiring unusual expenditures are always relevant, but evidence of the ordinary expenditures made by the petitioners for food, clothing, cosmetics, taxes and similar items gives no basis for an order. Here both parties are employed and the difference in their wages is not substantial.
 

 The wife’s counsel fees and expenses probably will be higher than the court has allowed, and it may well
 
 *255
 
 be fcbat the burden of paying additional counsel fees for services hereafter rendered and expenses hereafter incurred should fall entirely upon the wife, but as this depends upon circumstances which may vary from those now before us, it must be dealt with by the court below.
 

 Order affirmed.
 

 [1]
 

 We use the gross earnings because they more accurately reflect the situation than net earnings. Deductions for savings, retirement, dues, insurance and for more or for less income tax than will ultimately be due, can materially vary the take-home pay, and failure to consider these deductions can cloud the true picture of a person’s actual income. See
 
 Commonwealth ex rel. Borrow v. Borrow,
 
 199 Pa. Superior Ct. 592, 595, 185 A. 2d 605 (1962).
 

 [2]
 

 Although this was the first statutory provision relating to counsel fees and expenses, the court’s power to make such orders was recognized prior thereto as an incidental authority to the power given the court to decree a divorce. Freedman’s Law of Marriage and Divorce in Pennsylvania, 2nd Edition,
 
 §429.