## Baker v. Baker

*Henry O. Heiser, 3rd,* for plaintiff.

*Edward S. Newlin,* of *Ullman & Painter,* for defendant.

### OPINION OF COURT

MacPHAIL, P. J., October 27, 1972.—In this action in divorce, defendant has petitioned for alimony pendente lite, counsel fees and expenses.

From the testimony at the hearing, we find that defendant is under an order of support to pay his wife $5 per week, that the parties have no dependent children, that the husband is unemployed and unemployable due to physical disability, that the husband has no assets except for his interest in real estate owned with his wife as tenants by the entireties, that the wife is employed and has a take-home pay of $396 per month, that her own calculations show "necessary" expenditures of only $300 per month, that she has a savings account of approximately $1,500 and an automobile and that her counsel fee will be $200, a sum which she admits she can afford to pay from her separate estate.

The law in this area is clear. The husband's ability

to pay as determined by his estate, income and earning capacity, the need of the wife as determined by her income and separate estate and the character, situation and surroundings of the parties are the factors to be considered in determining what, if anything, shall be awarded to the wife: McCormick v. McCormick, 202 Pa. Superior Ct. 250 (1963).

In evaluating those factors in the light of the testimony we have in this case, we come to the conclusion that the petition in this matter must be refused as to alimony, counsel fees and expenses.

### ORDER OF COURT

And now, October 27, 1972, the petition is denied.