## King v. King

*Luce & Tosh,* for plaintiff.

*R. Clifton Hood,* for defendant.

SALMON, J., January 6, 1975.—This matter is before the court upon petition of plaintiff-wife for allowance of counsel fees and expenses. The petition is opposed by defendant-husband, and the court has heard testimony from both sides, the testimony has been closed and counsel have been heard. No briefs have been filed and no legal authority has been cited by either party for her or his position.

The record shows that plaintiff filed her complaint in divorce on September 23, 1974. Defendant has filed no answer. A master in divorce was appointed on December 3, 1974.

The Divorce Law of May 2, 1929, P. L. 1237, sec. 46, as amended, 23 PS §46, provides, in pertinent part, as follows:

"In case of divorce from the bonds of matrimony or bed and board, the court may, upon petition, in proper cases, allow a wife reasonable alimony pendente lite and reasonable counsel fees and expenses."

The constitutionality of that provision has been attacked as a violation of the equal rights provision of the Constitution with respect to male and female. Apparently as a result of such attack, the legislature has amended the quoted section to provide that the court may "allow a spouse" reasonable sums for the items mentioned. This amendment would appear to neutralize the constitutional objection.

A full discussion of the background and history of the provision for alimony pendente lite, counsel fees and expenses in our law appears in 2 Freedman: Law of Marriage and Divorce in Pennsylvania, §427, *et seq.*, beginning at page 888. In section 465 of that treatise, the author discusses the matter of counsel fees with particularity. He points out that counsel fees are awarded in order to prevent a denial of justice to the wife for want of funds to vindicate her rights. He reviews the myriad cases on the subject and concludes that counsel fees must often be awarded in situations where alimony has been denied because of misconduct by the wife. He points out that the need for counsel fees stands on higher ground and that such an award may be required where the wife is the plaintiff as well as where she is the defendant. Furthermore, the court is not to make a preliminary determination of the merits of the case in order to decide the allowance or denial of counsel fees. The matters to be considered by the court are the respective financial situations of the parties and the ability of the husband, or the spouse against whom the order is sought, to pay.

A recent case reached the Superior Court, Kayaian v. Kayaian, 223 Pa. Superior Ct. 103 (1972). There, the divorce action was instituted by the wife. The divorce was contested and a final decree was granted on February 24, 1972.

About a month after she filed her complaint, the wife filed a petition for alimony pendente lite, counsel fees and expenses. No testimony was taken on this issue but a deposition by the wife was filed. The court disposed of the petition on the basis of the deposition and arguments of counsel. An initial counsel fee of $100 was allowed and then an additional allowance of $100 for counsel fees and $100 for costs was made and the petition for alimony was dismissed.

It appears that the parties had four children, two of them remained with defendant-husband in the common domicile and the other two went with their mother when she left the common domicile to reside with her parents. She had been employed at the J. B. Stetson Company but lost her job when they went out of business. She was then receiving $27 per week for herself and two children under a support order and the sum of $34 weekly under a welfare order.

The husband was employed as a salesman and earned about $7,400 annually net after taxes. The opinion of the Superior Court says, in part, p. 106:

"The reason for this section is to enable the wife to maintain her action. *Belsky v. Belsky*, 196 Pa. Superior Ct. 374, 175 A. 2d 348 (1961). It is not mandatory and lies within the sound discretion of the court. *McCormick v. McCormick*, 202 Pa. Superior Ct. 250, 195 A. 2d 851 (1963). Appellate courts will not interfere except in cases of manifest abuse of discretion. Freedman, Law of Marriage & Divorce in Pennsylvania, Section 465 (1957).

"The elements to be considered are the husband's ability to pay as determined by his estate, his income and his earning capacity. The need of the wife is determined by her income, her separate estate and the character situation and surroundings of the parties. *McCormick v. McCormick*, supra."

The order of the Superior Court reversed the trial court and allowed $7.50 per week as alimony pendente lite, the sum of $900 for counsel fees, and the sum of $192.86 costs.

In the instant case, the wife left the common domicile. The husband continues to reside there with their two children, a daughter, age 17, and a son, age 12. He has regular employment at the Babcock and Wilcox Company in Beaver Falls and earned about $13,000 in 1974.

Upon leaving the common domicile, the wife occupied an apartment in the same building where her employer has his place of business. She earns $250 per month. She supports no one except herself.

We observe that the wife is not destitute. She should be able to meet the major part of her divorce expense out of her own earnings since the action appears to be uncontested. However, despite his responsibility for maintaining the home and their two children, we conclude that the husband's financial situation is such that he should contribute toward the counsel fees and expenses of his wife. We, therefore, enter the following:

## ORDER

And now, January 6, 1975, plaintiff-wife having petitioned for allowance of counsel fees and expenses pursuant to section 46 of the Divorce Law, and full hearing having been had, defendant is ordered to pay the sum of $150 toward the counsel fees and expenses of plaintiff, said sum shall be paid forthwith to the Prothonotary of Beaver County.