## Christ v. Christ

*Frank Garrigan,* for plaintiff.
*Eugene Mirarchi,* for defendant.

KREHEL, *P. J.,* November 4, 1976—The matters before the court are quite limited. Defendant, Mary Ann Christ, was granted a rule on plaintiff, Arthur E. Christ, III, to show cause why he should not pay defendant alimony pendente lite, counsel fees and costs. Oral argument was held on September 8, 1976.

The awarding of alimony pendente lite, counsel fees and costs is generally authorized by statute:

"In case of divorce from the bonds of matrimony or bed and board, the court may, upon petition, in proper cases, allow a spouse reasonable alimony pendente lite and reasonable counsel fees and ex-

penses.": Act of August 14, 1963, P.L. 1065, 23 P.S. §46.

The amount of such an award, however, is not fixed by any specific rule or mathematical formula. Instead, the court looks to certain factors including the value of counsel's services; the need of the spouse seeking the award as determined by his or her income and separate estate; the other spouse's ability to pay as determined by his or her estate, income and earning capacity; and "the character, situation and surroundings of the parties." Rothman v. Rothman, 180 Pa. Superior Ct. 421, 425, 119 A. 2d 584 (1956); McCormick v. McCormick, 202 Pa. Superior Ct. 250, 195 A. 2d 851 (1963). After examining these "economic indicators," the court then utilizes its sound discretion in formulating an award.

Defendant in the instant case has testified that she is only working part-time. When she does work a full week, she gets approximately $78. At other times, her income has been partially supplemented by unemployment compensation. The record does not indicate that she has any substantial real estate holdings, but on cross-examination defendant did admit to having $1,500 on deposit in a savings account.

Plaintiff produced 1975 W-2 Forms showing that he netted approximately $4,100 during 1975. On cross-examination, however, it was established that his income was also partially supplemented by unemployment compensation. He is presently living with his parents paying $30 weekly for room and board.

From the record, there does not appear to be a

great disparity between the earning capacities or obligations of plaintiff and defendant. Certainly, in this age of women's liberation, the killing off of the age of chivalry, and the Pennsylvania Equal Rights Amendment, Pennsylvania Constitution, art. I, §28, none can be assumed. Accordingly, the court does not consider it appropriate to grant any payment of alimony pendente lite.

The awarding of counsel fees and costs, however, presents different considerations. On the one hand, plaintiff has forced his wife into this arena of adversary proceedings, to defend herself against this action for divorce. She must now incur counsel fees and litigation-related costs which she would otherwise not have had to.

Additionally, in seeking to recoup these expenses from plaintiff, defendant's monetary request is not exorbitant, nor unreasonable. She asks only $100 in costs and $250 for counsel fees, the latter being the extremely modest charge of the learned attorney and close family friend, Eugene J. Mirarchi, Esquire. The court realizes that in light of all the circumstances this request is more than reasonable, and commends counsel for this considerate attitude. See Pupo v. Pupo, 38 Northumb. 66 (1966).

Accordingly, the court enters the following

## ORDER

And now, November 4, 1976, the petition of defendant for $250 counsel fees and $100 costs is granted and it is directed that plaintiff pay over such amounts to defendant. Defendant's petition for alimony pendente lite is denied.