385 A.2d 469

**John J. JACK, Appellee,**

v.

**Agnes JACK, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 10, 1976.

Decided April 13, 1978.

James C. Evans, Pittsburgh, for appellant.

Joseph W. Conway, Pittsburgh, with him Conway & Stabile, Pittsburgh, and Leo M. Stepanian, Butler, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

SPAETH, Judge:

This is an appeal from an order directing payment of alimony pendente lite and additional counsel fees, and refusing to direct payment of expenses.

Appellee, John J. Jack, filed an action for divorce in May, 1969. In response to several petitions, appellant, Agnes Jack, was awarded $500 per month alimony pendente lite and counsel fees. On April 11, 1975, the lower court granted the divorce; on January 8, 1976, this court affirmed; and on March 27, 1976, allocatur was denied. In the meantime, on October 3, 1974, Mrs. Jack had filed a petition for additional counsel fees and expenses; and on August 29, 1975, that is, while her appeal to this court was pending, she had filed a petition asking that Mr. Jack be held in contempt for failing to pay alimony. On December 19, 1975, the lower court entered an order in response to these two petitions. This appeal is from that order. It will be convenient to consider first the petition for contempt and then the petition for counsel fees and expenses.

–1–

Mrs. Jack's petition asking that Mr. Jack be held in contempt alleged that in May, 1975, Mr. Jack had stopped paying the award of $500 per month alimony pendente lite. Following a hearing on September 29, 1975, the lower court ordered the payment of arrearages retroactive to September 1, 1975 (the date Mrs. Jack's petition was filed) and not to May 1, 1975, "because of the non-existence of a supersedeas." Lower court opinion at 2. Mrs. Jack correctly asserts that this was error.[1]

■■ The Divorce Law, Act of May 2, 1929, P.L. 1237, § 46, as amended, June 27, 1974, P.L. 403, No. 139, § 1; 23 P.S. § 46, provides in part:

---

1. Mrs. Jack's brief asks that alimony be made retroactive to March 1975, which the brief asserts is the date alleged in the petition for contempt. Appellant's brief at 5. This is incorrect; the petition alleged that payment stopped in May 1975.

In the case of divorce from the bonds of matrimony or bed and board, the court may, upon petition, in proper cases, allow a spouse reasonable alimony pendente lite and reasonable counsel fees and expenses.

The purpose of this provision is to ensure that a financially dependent spouse will be able to maintain, or defend against, a divorce action. *Wiegand v. Wiegand*, 242 Pa.Super. 170, 363 A.2d 1215 (1976); *Kayaian v. Kayaian*, 223 Pa.Super. 103, 297 A.2d 136 (1972); *Belsky v. Belsky*, 196 Pa.Super. 374, 175 A.2d 348 (1961). An award is not mandatory but lies within the court's discretion, *Kayaian v. Kayaian, supra.* *McCormick v. McCormick*, 202 Pa.Super. 250, 195 A.2d 851 (1963), and so will not be disturbed absent an abuse of discretion or error of law.

The lower court's refusal to award alimony pendente lite from the date of the divorce decree "because of the non-existence of a supersedeas" was error of law. In *Commonwealth v. Scholl,* 156 Pa.Super. 136, 138, 39 A.2d 719, 720 (1944), this court stated:

There has been some uncertainty with respect to the effect upon an order or decree for alimony pendente lite of an appeal to this court from a decree granting or refusing a divorce. The general rule was stated by Judge Porter, speaking for this court, in *Ponthus v. Ponthus*, 70 Pa.Super. 39: "The time during which alimony pendente lite may be required by the order to be paid is limited to the pendency of the suit: *Heilbron v. Heilbron*, 158 Pa. 297 [27 A. 967]. When the court of common pleas has entered a decree of divorce an appeal to this court is of right which, until it is disposed of, suspends for all purposes the operation of the decree of the court below. The parties are still husband and wife, and the action remains pending. There does not seem to be any valid reason for holding that the necessity for the maintenance of the wife ceases before the proceeding is finally disposed of, merely because the court below has entered a decree which has been absolutely superseded by the appeal" (pp. 41, 42).

*And see Marra v. Marra*, 178 Pa.Super. 102, 113 A.2d 320 (1955). Accordingly, the lower court decree of April 11, 1975, divorcing the parties, did not terminate Mr. Jack's obligation to pay Mrs. Jack alimony pendente lite. That obligation continued throughout 1975, and until Mrs. Jack's appeal was finally decided against her.[2] The lower court should therefore have ordered Mr. Jack to pay Mrs. Jack alimony pendente lite retroactively to the date when Mr. Jack violated his continuing obligation, that is, to May, 1975. Since this court has the power to modify an award of alimony, Act of July 31, 1970, P.L. 673, No. 223, art. V, § 504; 17 P.S. § 211.504 (Supp.1976), we shall so order.

–2–

On Mrs. Jack's petition for additional counsel fees and expenses, the lower court held that any fees and expenses incurred before June 27, 1974, the effective date of the amendment to § 46 of the Divorce Law, were not recoverable. On June 27, 1974, § 46 was amended to substitute the word "spouse" for the word "wife" so as to comply with the Equal Rights Amendment to the Pennsylvania Constitution, art. 1, § 27 (adopted May 18, 1971).

The lower court evidently thought that before the amendment, § 46 was unconstitutional, and that therefore before June 27, 1974, there was no valid authority for an award of counsel fees and expenses. In support of its ruling the court cited two cases, *Stambaugh v. Stambaugh*, 458 Pa. 147, 329 A.2d 483 (1974), and *Henderson v. Henderson*, 458 Pa. 97, 327 A.2d 60 (1974). In *Stambaugh*, the issue of the constitutionality of the Divorce Law was not raised and

**2.** On January 21, 1976, after this court had affirmed the decree of divorce, but before the Supreme Court had denied allocatur, Mr. Jack filed in the lower court a motion to terminate alimony pendente lite. The next day the lower court entered an order granting the motion. Mrs. Jack contends that the lower court lacked jurisdiction to enter this order. However, the only appeal appellant has filed with this court is from the lower court's order of December 19, 1975, pertaining to alimony pendente lite and counsel fees. Since no appeal was taken from the order of January 22, 1976, the merits of that order are not properly before this court. *See* 5 Am.Jur.2d, Appeal and Error § 725 at pp. 168–9.

therefore was not discussed. In *Henderson*, which was decided the same day, the husband did contend that he could not be ordered to pay alimony pendente lite because the Divorce Law was unconstitutional. However, while the appeal was pending the Divorce Law was amended. The Supreme Court therefore vacated the order of the lower court and remanded the matter for reconsideration in light of the amended Divorce Law. That is what we shall do here, since the amendment likewise occurred during the pendency of these proceedings.

Mrs. Jack also challenges the lower court's method of computing the amount of the counsel fees and expenses recognized by the court as recoverable.

Section 46 of the Divorce Law provides for "reasonable counsel fees and expenses." In *Shuman v. Shuman*, 195 Pa.Super. 155, 157–8, 170 A.2d 602, 602–3 (1961), this court stated:

> No standard is fixed for determination of the amount of counsel fee other than the requirement that it must be reasonable. Consideration must be given to the husband's ability to pay, to the wife's necessity, and to the extent of her separate estate. See Freedman, Law of Marriage and Divorce, Second Edition, Section 465.

> "How much shall be allowed as alimony and for counsel fees and expenses is a matter of judicial discretion and the validity of the order depends upon the proper exercise of that discretion . . . This court will not reverse an order of the court below 'except for plain abuse of discretion' . . . There are no fixed rules as to the amount to be allowed. It is not to be measured solely by the value of counsel's services or by the wife's necessities. 'The husband's ability to pay, the separate estate of the wife, the character, situation and surroundings of the parties are all to be considered in determining a fair and just amount which the husband should pay' . . . To deny a destitute wife the means to pay for process and professional aid is to deny her justice . . . and likewise to deny an innocent and injured husband a divorce unless he

pay counsel fees beyond his ability to pay is to close the doors of the courts to many worthy suitors. The statute contemplates the payment of a reasonable counsel fee, limited by the necessities appearing from the evidence, such as will as nearly as possible promote the administration of fair and impartial justice by placing the parties on a par in defending their rights": *Brong v. Brong*, 129 Pa.Super. 224, 195 A. 439. See also *Albrecht v. Albrecht*, 175 Pa.Super. 650, 107 A.2d 209.

■■ Counsel for Mrs. Jack testified that he spent 380 hours and 35 minutes on the case, and that his regular fee is $50 per hour. The lower court made no appraisal of the reasonableness of this amount of time or of this rate. Instead, the court stated: "This Court is cognizant that Senior Judges are now paid a per diem rate of $125. On an 8 hour basis that amounts to $15.60 per hour, or rounded off to $16 per hour. Further, the Court of Common Pleas has been allowing approximately $15 per hour in payment for Court appointed services." Lower court opinion at 3. The court proceeded to award an hourly rate of $16.

This was error. The compensation provided for Senior Judges is irrelevant to an appraisal of the reasonableness of private counsel fees; the function and responsibilities of a Senior Judge and of private counsel are entirely different. The amount of counsel fees allowed court-appointed counsel is likewise irrelevant; court-appointed counsel are appointed to represent those who cannot afford private counsel, so that in determining their compensation the question is what is a reasonable amount for the state to pay in discharging its constitutional obligations. As *Shuman v. Shuman, supra*, makes plain, the court should have considered both the value of counsel's services—this should entail consideration of the result achieved by counsel, and of the time required to achieve it—and the parties' respective financial situations.

■ The lower court similarly erred with respect to allowing expenses. Mrs. Jack contends that the cost of printing the record was $3,736.68. The lower court responded that "[e]xpenses of such a nature are exceptional and are pecu-

liarly within the control of the Appellate Court, not the Common Pleas Court." Lower court opinion at 3. The meaning of this statement is not clear to us. As indicated in *Shuman v. Shuman, supra,* just as with counsel fees, the question is what expenses were reasonable. This question cannot be answered on the basis of an appellate record but only after a hearing at which the court considers the nature of the case and the parties' respective financial situations.

The order of the lower court is vacated and the case is remanded for the entry of an award of alimony pendente lite retroactive to May 1975, and for a consideration, consistent with the opinion accompanying this order, of the amount of counsel fees and expenses to be awarded appellant.

HOFFMAN and CERCONE, JJ., concur in the result.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.