## Holbein v. Holbein

*Leo M. Stepanian,* for plaintiff.
*Lester S. Becker, Neighborhood Legal Services,* for defendant.

KIESTER, *P.J.,* April 22, 1980—In this divorce action a rule was issued on Charles R. Holbein, Jr. (plaintiff) to show cause why an order should not be entered directing him to pay counsel fees and costs to Neighborhood Legal Services, attorney for Eileen Sue Holbein. A hearing was held December 12, 1978, and counsel submitted authorities in support of their respective positions. A divorce was granted

and a support order entered. It appears that there is no substantial difference between the income of the parties when the welfare and support payments to the petitioner are included. However, Mrs. Holbein maintains both herself and the minor child of the parties for whom Mr. Holbein pays $25 weekly for support.

Section 46 of The Divorce Law of May 2, 1929, P.L. 1237, as amended, 23 P.S. §46, provides in pertinent part: "In case of divorce from the bonds of matrimony or bed and board, the court may,.upon petition, in proper cases, allow a spouse . . . reasonable counsel fees and expenses." [See now, Divorce Code of April 2, 1980, Act 1980-26, 23 P.S. §502 - Ed.]

Whether counsel fees are awarded and the amount of any such award is within the discretion of the court: McCormick v. McCormick, 202 Pa. Superior Ct. 250, 252, 195 A. 2d 851 (1963). The Superior Court in Moore v. Moore, 198 Pa. Superior Ct. 349, 354, 181 A. 2d 714 (1962), interpreted section 46 to contemplate the ". . . payment of a reasonable counsel fee, limited by the necessities appearing from the evidence, such as will as nearly as possible promote the administration of fair and impartial justice by placing the parties on a par in defending their rights." Factors which should be weighed by the court include the husband's ability to pay, the separate estate of the wife, and the character, situation and surroundings of the parties. An analysis of this particular case leads one to the conclusion that an award of counsel fees to the wife would be of necessity in an amount less than the actual value of such services. The relative economic states of the parties are not that disparate. A controlling factor might be the fact that the wife

has custody of the only child of the marriage which results in increased expenses. However, the support agreement has not completely relieved the father of his financial burden.

The statute, 23 P.S. §46, does not qualify its provisions to include only private counsel. Neither is there a provision that attorney's fees are only awarded to the prevailing litigant. The Legal Services Corporation Act of July 25, 1974, 88 Stat. 378, 42 U.S.C.A. §2996 et seq., does not preclude the allowance of attorney's fees. Remarks made during the debates on the legislation indicate that there was no intent to restrict the recovery of attorney's fees in actions where the corporation represented a litigant where under like circumstances other litigants could receive such fees: 120 Cong. Rec. 15001 (1974) (Rep. Meeds); id., at 15008 (Rep. Steiger); id., at 24037 (Sen. Cranston); id., at 24052 (Sen. Mondale); id., at 24056 (Sen. Kennedy).

The regulations promulgated pursuant to the act do have certain provisions regarding the propriety of such fees: Fee-Generating Cases, 45 C.F.R. §1609 (1977). The purpose of these regulations is to make certain that recipients (legal service attorneys) do not compete with the private bar and, also, to guarantee that all eligible clients receive legal assistance: section 1609.1. Where a case is "fee-generating" legal services may only provide legal assistance where *other adequate representation is unavailable*: section 1609.3. Such representation is deemed unavailable when the case has been rejected by the local lawyer referral service: section 1609.4(1). When the requirements of section 1609.4(1) are met a recipient (legal services attorney) "may seek and accept a fee awarded or approved by a court or administrative body, or in-

cluded in a settlement, if (1) . . ., and (2) Funds received are not used for purposes prohibited by the Act, and are accounted for in the manner directed by the Corporation. (b) If a legal fee is awarded or approved by a court or administrative body, it shall be remitted promptly to the recipient." Section 1609.5.

It is apparent from the briefs submitted that the lawyer referral procedures in Butler County were followed in this case. It would be more helpful if a form rejection or an affidavit had been submitted showing the disposition of the case by Lawyer Referral System. However, since the proper procedures appear to have been followed there does not appear to be any preclusion from awarding counsel fees on the basis of representation by legal services organizations.

In fact, the United States District Court in Card v. Dempsey, 445 F. Supp. 942, 944 (E.D. Mich. 1978), stated that the Civil Rights Attorney's Fees Awards Act of October 19, 1976, 90 Stat. 2641, amending 42 U.S.C.A. §1988, should be construed liberally to achieve its purposes. The court granted plaintiff's motion for an award of attorney's fees in that case (a civil rights action). Plaintiffs were represented by Michigan Legal Services, a federally funded Legal Services Organization and grantee under the Legal Services Corporation Act of 1974, 42 U.S.C.A. §2996 et seq. The court recognized the fact that public moneys are not unlimited. The court quoted the case of Incarcerated Men of Allen County Jail v. Fair, 507 F. 2d 281, 286 (6th Cir. 1974), in which the court stated: "An attorney fees' award serves its purpose—to prevent worthy claimants from being silenced or stifled because of a lack of legal resources—whether it goes to private or 'public' counsel."

Thus, the court in Card, supra, at 944, rejected the argument that the award could not actually benefit the litigant, and that such an award was not necessary because public funding provides sufficient funds to vindicate civil rights.

Where a spouse is in a superior financial condition, an award of counsel fees to public counsel would be proper. Taxpayers should not be required to bear the burden of such litigation. An objective of public counsel is to provide representation for those who lack resources to employ counsel. If one spouse has adequate income or resources he or she may be required to pay for the counsel provided at public expense for the other spouse. The representation should be balanced, and the opposing party who engages and pays private counsel must not be handicapped in so doing. The opportunity for representation must be on a reasonably equal basis.

In the instant case the litigants have been on fairly equal bases as far as financial ability to litigate. Neither the purposes of the Legal Services Corporation Act nor The Divorce Law of Pennsylvania demand or require that an award of counsel fees be made in this case.

## ORDER

Now, April 22, 1980, the rule to show cause why Charles R. Holbein, Jr. should not be directed to pay counsel fees on behalf of Eileen Sue Holbein is dismissed.