## Roos Estate

John J. Speese, for petitioner.

William A. Harvey, for respondent.

OPINION BY TREDINNICK, J., FEB. 27, 1981:

By decree dated January 6, 1981, the court awarded counsel fees of $900 to Donald F. Copeland, Esquire (petitioner) assessing that fee against Adrienne Roos Wood (respondent). The latter has appealed, thus requiring this opinion.

The underlying cause of action is an appeal by respondent to this court from probate by the register of wills of a writing purported to be her mother's will. Mr. Copeland was the scrivener of that will. In that appeal, filed with the Orphans' Court Division on February 25, 1980, Ms. Wood named Copeland as a party. She alleged that

". . . Maggie Kephart introduced decedent to attorney Donald Copeland . . . and by and through Donald Copeland, did exert mental pressure and undue influence upon decedent to persuade her to execute said writing . . ." Par. 5(b), Appeal

and that

"(Ms. Wood) believes and expects to be able to prove that the said paper writing was the product of fraud on the part of Maggie Kephart and the scrivener Donald Copeland, acting together . . ." Par. 6, Appeal.

Preliminary objections to the appeal were filed alleging, inter alia, that the appeal was insufficiently specific. That objection was sustained, however Ms. Wood was granted leave to file, within 90 days, an amended appeal. (Order of June 10, 1980.) That extensive period was granted so as to permit

Ms. Wood to avail herself of discovery in aid of the pleading. Thereafter, on August 27, 1980, respondent's attorney took Mr. Copeland's deposition. On September 9, 1980, Ms. Wood filed her "Amended Petition on Appeal from Probate." The amended petition did not name Mr. Copeland as a party, and the foregoing references to him quoted from the initial appeal were deleted from the amended appeal. On October 10, 1980, Copeland was formally "dropped from the record as a party respondent." His petition for counsel fees was filed November 3, 1980 and the matter was heard on January 6, 1981, leading to the result heretofore noted.

The petition for counsel fees alleged in paragraph eight that "Petitioner was originally joined in this action without cause, justification or facts to support the allegations against petitioner." Respondent's answer thereto stated: "Denied. It is specifically denied that at the time of the original Petition (Appeal?) there did not exist cause, justification or facts sufficient to support the allegations made against petitioner."

A hearing was convened on the issue. Petitioner moved the court to rule the answer to paragraph eight insufficient, and the allegations thereof as thus admitted. Decision was reserved and the hearing proceeded.

The petitioner testified that the allegations of wrongdoing and impropriety leveled against him by the first appeal from probate were totally without foundation. He stated he had no interest in the proceedings, being neither a beneficiary of the estate, relative of the decedent, nor an executor. He had no understanding with any heirs about the estate. He further testified that his counsel had expended a total of 12.45 hours in representing him as a party to the proceedings. No testimony was offered by or on behalf of the respondent.

We must first deal with the subsidiary issue of whether paragraph eight of the petition should be taken as admitted. Pa.R.C.P. 1029[1] provides in subsection (b) that "Averments in a pleading to which a responsive pleading is required are admitted when not denied specifically or by necessary implication. A general denial . . . shall have the effect of an admis-

---

1. Applicable here through O.C. Rule 3.1.

sion." It is clear that the answer quoted above was a general denial, and therefore has the effect of admitting the allegation: *Wargo v. Wargo*, 191 Pa. Super. 10; *Goodrich-Amram 2d.*, §1029(b) :3.

Considering the record, including the above admission and the testimony, was the order imposing counsel fees proper?

Section 2503 of the Judicial Code[2] provides that

"The following participants shall be entitled to a reasonable counsel fee as part of the taxable costs of the matter:

(a) Any participant who is awarded counsel fees because the conduct of another party in commencing the matter or otherwise was arbitrary, vexatious or in bad faith."

At common law, the award of counsel fees can be directed only where three elements coalesce: (1) the movant must be the prevailing party; (2) the action taken by the responding party must have been unfounded, and (3) the action taken by the responding party must have been accompanied by a bad motive.[3] The above quoted legislation makes no such requirement, since the requisites are stated in the disjunctive. If the conduct of the party is arbitrary *or* vexatious, *or* in bad faith, an award of fees may be entered.

The word "arbitrary" is defined by *Black's Law Dictionary*, (Rev. 4th Ed., 1968) inter alia as: "Without fair, solid and substantial cause; not done or acted according to reason or judgment; done capriciously; without adequate determining principle." "Vexatious" appears to be a synonym, being defined by the same source as "Without reasonable or probable cause or excuse."

In the present case, there is a formal admission that the allegations against the petitioner were "without. cause, justification or facts to support (them)." Even were that not so, the same conclusion is virtually inescapable from the record, and from the fact that, although given the opportunity to do so, respondent offered no evidence at the hearing.[4] We note

---

2. Act of July 9, 1976, P.L. 586, No. 142 §2, 42 Pa. C.S.A. §2503.

3. See *Nemoroff v. Abelson*, 469 F. Supp. 530 (S.D.N.Y.) 1979; 128 *U. of Pa. L. R.* 468 (1979).

4. This statement infers that respondent may have had the burden of going forward with the evidence in the context of the case. Indeed, where a prima facie case is made out, as here, respondent remains silent at her own peril.

that in new matter, made a part of her answer, respondent averred that "The act of respondent in naming petitioner as a party in interest in the original appeal was based upon a good faith reliance upon advice of counsel." Petitioner replied denying that averment and demanded proof thereof. Since respondent presented *no* evidence even her reliance upon advice of counsel has not been established.[5]

It seems clear that the initial allegations of wrongdoing on the part of petitioner were asserted without any basis other than conjecture, and that this could, and should, have been discovered by the use of discovery depositions in aid of the initial pleading. In fact, depositions taken of petitioner after the event apparently established just that.

Obviously, leveling such charges against anyone, particularly a reputable member of the bar, is a serious matter. When it is done without basis, as here, it is a classic example of an arbitrary and vexatious action.

The award of fees was clearly appropriate and proper in this case.

---

5. Had it been established, an interesting question would be presented as to whether fees should be assessed against party or counsel.