York *v.* York, Appellant.

Argued November 14, 1932.

Before Trexler, P. J., Keller, Gawthrop, Cunningham, Baldrige, Stadtfeld and Parker, JJ.

*Ben Branch,* for appellant.

*Daniel W. Sitler, Esq.,* Master, appellee.

No appearance and no printed brief for Nora V. York, appellee.

OPINION BY BALDRIGE, J., January 25, 1933:

A divorce action a mensa et thoro was instituted by Nora York against her husband under the Divorce Law of May 2, 1929, P. L. 1237. The libellant petitioned the court for alimony pendente lite and counsel fees, and on her motion, Daniel W. Sitler, Esq., was appointed master. On November 4, 1931, the master filed his report recommending the granting of a divorce, and thereafter petitioned the court for an order to direct the respondent to pay him $1,000 as a master's fee. On January 25, 1932, the court below ordered the respondent to pay the libellant alimony pendente lite at the rate of $125 per month, and $600 for counsel fees. On January 27th, the court entered an additional order fixing the master's fee at $350, and directed the respondent to pay it. On February 8, 1932, the report of the master recommending a decree was overruled and the libel dismissed at the cost of the libellant. Separate appeals from the two orders of the court were taken, they were argued together, and will be disposed of in one opinion.

The appeal to No. 103, October T., 1932, involves the authority of the court to decree in a mensa et thoro case alimony pendente lite. There is no statutory authority for the court's decree, but it has been recognized as a uniform practice for over a hundred years to allow a destitute wife, suing or defending in a case of divorce, such a reasonable sum as the court may determine as proper: Breinig v. Breinig, 26 Pa. 161. In Grove's App., 68 Pa. 143, 145, the court made an order pendente lite on the respondent to pay his wife counsel fees and alimony. Mr. Justice SHARSWOOD there said: "No doubt the court of common pleas, in which was pending the proceeding instituted by the

wife for a divorce, had power to make such an order and to enforce it by attachment. It is a necessary incident to the jurisdiction to decree a divorce. So all the interlocutory orders as well for the payment of costs and expenses as of *interim* maintenance pending the libel, have been regarded as well in the ecclesiastical courts in England as in common law courts specially vested with the jurisdiction in this country." We said in Kaufmann, v. Kaufmann, 76 Pa. Superior Ct. 603, 605: "There is no statutory authority in this state for the payment by the husband of a wife's costs and expenses pending proceedings for divorce, but the courts under their equitable powers early adopted the practice of ordering such payment where the wife had no separate estate sufficient for the purpose, in order that she might not in effect be denied justice."

It is contended that if prior to 1929 a wife was entitled to an order, that right no longer exists in a mensa et thoro case. A concurrent resolution was passed by the Legislature of 1927, directing the Legislative Reference Bureau to prepare and submit to the next general assembly, "a bill codifying and restating the various existing laws of the Commonwealth relating to divorce, and in such bill to harmonize existing laws and to eliminate inconsistent, overlapping and redundant provisions of law which appear obsolete or repealed by implication." The Legislative Reference Bureau drafted and submitted an act in pursuance of this resolution, which is known as the Divorce Law. Its title is: "An act affecting marital relations; prescribing grounds and regulating proceedings for divorce and the annulment of bigamous marriages; and amending, revising, and consolidating the law relating thereto." Under the heading of "alimony," there are three sections: Section 45 (23 PS §45) provides for permanent alimony where the respondent is insane, which is not applicable here; section 46 (23 PS §46)

provides for alimony pendente lite, counsel fees and expenses in absolute divorce cases only; section 47 (23 PS §47) provides that, in cases of divorce from bed and board, the court may allow the wife such alimony as her husband's circumstances will permit of, but the same shall not exceed the third part of the annual profit or income of his estate.

The appellant argues that there is no express provision in section 46, or in any other part of the act, for alimony pendente lite in bed and board cases and that the rule "expressio unius est exclusio alterius" applies; that it was the evident intent of the Legislature to codify, revise and consolidate, or restate the existing statutes and decisional laws. The rule invoked rests upon a presumed prohibition of the libellant to alimony pendente lite. If a presumption is to be effective, the language of the statute must be clear and specific. As was said In re Twenty-eighth Street, 102 Pa. 140, 149: "If the jurisdiction has been taken away it must be by an enactment which expressly or impliedly repeals the statute which conferred it. There is no express repeal, and there can be none by implication unless there is strong repugnancy or irreconcilable inconsistency." That principle applies not only to a statute but to decisional law, particularly where, as here, it has been uniformly recognized for such a long period of time. We concede, of course, that the right of a wife to temporary alimony is not always absolute, but rests largely within the discretion of the court. This discretion is judicial and not arbitrary, and, although subject to review on appeal, it will not be interfered with except where a clear case of abuse is shown. In the facts and circumstances of this case, we find nothing to disturb the court's action.

That brings us to the second appeal filed to No. 104, October Term, 1932, where the question is, whether, under the Divorce Law of 1929, where a master is ap-

pointed on the motion of libellant wife, the court may, on petition of a master, who filed his report, direct the respondent husband to pay the master's fees to the master where the libellant was refused a divorce and was directed to pay the costs. We do not agree with the appellant's position that the order had the effect of money judgment in favor of the master and against the respondent, and that it would support a fieri facias. It is enforceable, not by an execution against property, but by an attachment of the person: Grove's App., supra. Section 47 of the act provides that a court may enforce its decree under the act by attachment. But is not this master's charge a part of the costs, rather than expenses to which the wife is entitled? If so, it comes within section 56 of the Divorce Law (23 PS §56) which provides: "The court may award costs to the party in whose behalf the sentence or decree shall pass, or may order that each party shall pay his or her own costs, as to it shall appear to be just and reasonable." This leaves' the disposition of the costs within the discretion of the court, and, under its order, the libel was dismissed at the cost of the libellant.

The learned court below, in his opinion fixing the compensation of the master, held that his fees are "necessary costs." The courts have been liberal in granting a wife costs and expenses, or "suit money," reasonably necessary to enable her to prosecute or defend her divorce action. See Kaufmann v. Kaufmann, supra, and cases cited therein. A master's fees do not come in that category. They need not necessarily have been incurred in the prosecution of this case, as the libellant could have sought a trial by a jury. None of the cases called to our attention, or which we have found, includes fees or expenses, which may be docketed as costs, such as prothonotary's or sheriff's fees. They are the only character of costs

we could conceive of that would be contemplated by provision 56. In the case of Stewart v. Stewart, 65 Pa. Superior Ct. 593, while the question of master's fees as costs was not directly involved, the late Judge HENDERSON, who was exact in the use of terms, spoke of the master's fees as costs. The master's fees, in our view, being costs, they are not entitled to be assessed against the respondent until the court so decrees, and as, in this case, the libellant was required to pay the costs, there is no liability on his part.

It is unnecessary, in view of what has heretofore been said, to decide whether the libellant must petition for the payment to her of a master's fee rather than direct to a master on his application.

In No. 103, October Term, 1932, the order is affirmed; at the cost of appellant in No. 104, October Term, 1932, the order is reversed at cost of appellee.