## Stump v. Stump

*Francis H. S. Ede*, for petitioner.
*Mauch & Goodman*, for respondent.

LAUB, J., November 23, 1942.—This is a rule to show cause why respondent should not be held in contempt of court for failing to comply with an order of said court dated May 5, 1941.

The petition for the rule sets forth that said court on May 5, 1941, ordered and directed respondent to pay to libellant the sum of $125 for costs, and the sum of $100 for counsel fees. On October 10, 1941, a rule was granted as prayed for, returnable 15 days from date.

On the outside cover of the petition for the rule we find service accepted and issuance of rule waived, signed by counsel for respondent.

The record papers handed to us at the time of the argument showed no answer to said rule. However, counsel for respondent has orally raised the question of the court's lack of jurisdiction to issue an attachment for respondent and order his commitment to prison, even if it be admitted that respondent has failed to comply with said order of the court.

The order of the court dated May 5, 1941, followed the granting of a rule to show cause why alimony pendente lite, costs, and counsel fees should not be awarded in libellant's favor. However, depositions were taken and the rule argued. Said court made an order discharging the rule for alimony pendente lite, but made it absolute in the sum of $125 for costs and $100 for counsel fees. Said sum of $125 for costs was ordered to be paid by reason of court rule no. 128 of said county, which provides for a deposit by libellant of $125 in the prothonotary's office when an application for the appointment of a master is made.

When this matter first came to our attention we handed down an opinion and order on August 3, 1942, directing that testimony be taken for the purpose of showing whether or not respondent had knowledge of the order of May 5, 1941, and whether he presently had the ability to comply with same. Respondent's deposition was ordered to be taken in open court on September 28, 1942, but by reason of engagements of counsel the taking of the deposition was postponed until October 5, 1942.

From these depositions it appears that respondent has employment in New Jersey on a Government job, his employer being Bran & Stewart, of Philadelphia; that his present wages average about $70 a week; that previous to that he worked at the Atlas Portland Cement Company in said county, his wages being approximately $39 to $40 per week. Therefore, it will be seen that respondent has quite some earning capacity.

He said that he did not understand that it was necessary for him to pay said order of court, as well as an additional order of court made against him on May 25, 1942, for an additional deposit of $100 in the office of the prothonotary of said court for additional costs, which order was made on petition of the master appointed by said court, it reciting that a large amount of testimony had been taken in the case up to that time, as well as several exhibits offered in evidence. It seems that this large amount of testimony and several master's hearings were made necessary by reason of the vigorous defense made by the respondent against the libellant's application for a decree of divorce a. v. m.

Therefore, the sole question for the court at this time is whether or not respondent can be held in contempt of court for failure to comply with the order of court of May 5, 1941, as aforesaid. Respondent's brief states as follows: "Respondent has no quarrel with the *amounts* fixed by the court as 'reasonable counsel fees and expenses'."

Section 46 of The Divorce Law of May 2, 1929, P. L. 1237, provides:

"Section 46. Alimony Pendente Lite, Counsel Fees and Expenses.—In case of divorce from the bonds of matrimony, the court may, upon petition, in proper cases, allow a wife reasonable alimony pendente lite and reasonable counsel fees and expenses."

Section 47 of the Act of May 2, 1929, supra, provides in the last paragraph thereof as follows:

"The courts may enforce their decrees by attachment, on the return of which they may make such order either to imprison or discharge the defendants as the facts of the case may justify."

The last-quoted section of said act is found under the general heading of alimony in said statute wherein is also found section 46 hereinbefore already quoted. We construe the right of courts to enforce their decrees by attachment to refer not only to decrees for alimony in divorce from bed and board but also to relate to the decrees that may be made under sections 45 and 46 of said act.

"Temporary alimony awarded in a divorce proceeding is ordinarily enforced by attachment for contempt, even after the decree of divorce, issued after the service of the certified copy of the order to pay": 15 Standard Pa. Practice 390, sec. 473.

If a decree for alimony pendente lite is made and there is a failure to comply with it on the part of respondent and he can be attached for contempt for his failure to comply therewith, we see no good reason why a respondent cannot be attached for contempt for failure to comply with an order awarding costs and counsel fees, especially in view of the provisions of the Act of May 2, 1929, supra.

The case of York v. York, 107 Pa. Superior Ct. 522, relied on by respondent, was decided on January 25, 1933, previous to the Act of May 25, 1933, P. L. 1020, which amended The Divorce Law of May 2, 1929, P. L. 1237. Said amending act is as follows:

"Section 46. Alimony Pendente Lite, Counsel Fees and Expenses.—In case of divorce from the bonds of matrimony or bed and board, the court may, upon petition, in proper cases, allow a wife reasonable alimony pendente lite and reasonable counsel fees and expenses."

The payment of both alimony and costs may be enforced by attachment for contempt: Ormsby v. Ormsby,

1 Phila. 578; Wallen v. Wallen, 11 Pa. C. C. 41; Groves' Appeal, 68 Pa. 143; Smeltz v. Smeltz, 21 Lanc. 308; Hilt v. Hilt, 23 Pa. C. C. 422.

When petitions are addressed to said court in divorce proceedings for alimony pendente lite, costs and counsel fees, they are addressed to the equitable discretion of said court and said court must make an order in accordance with equitable principles.

A court of equity has always had power to enforce its decrees and orders by an attachment for contempt.

" 'Ordinarily the method of enforcement of a decree in equity falls within the sound discretion of the chancellor, and the grant or refusal of an attachment for contempt is consequently reviewable only for an abuse of that discretion' ": East & West Coast Service Corp. v. Papahagis (No. 2), 344 Pa. 188, 190.

Let us assume that a respondent is a well-to-do man and fully able to comply with orders of the instant kind, but fails to comply therewith. In such case, if attachment for contempt could not issue against that kind of a respondent, the court's decrees would become a mockery.

A court should always be able to enforce its orders and thus prevent the court from being held in contempt, ridicule, and mockery.

For a very learned and able discussion of the matter under consideration in this case, we call attention to the opinion of Judge Dannehower of Montgomery County in the case of Ramsey v. Ramsey, 37 D. & C. 362, the first syllabus of which is as follows:

"Attachment is the appropriate remedy to enforce an order for payment of counsel fee in a divorce action, provided that the libellant is financially able to pay."

In view of the fact that the depositions show that defendant has an earning capacity of approximately seventy dollars per week at this time, or $280 per

month, we find that he is financially able to pay the amounts ordered to be paid by him by the opinion of May 5, 1941. It may well be said that he cannot raise the total of these two amounts at once, but in the exercise of our equitable discretion we will permit him to pay them as hereinafter stated, it now appearing that he is financially able to comply with the order of the court and has knowledge of the orders as made.

When petitions of this nature are presented they should aver that the respondent is financially able to comply with the order as made and has knowledge of same. We are of the opinion that it is good practice to serve a certified copy of orders for alimony pendente lite, costs, and counsel fees, when made, on the respondent and to file a return of such service with the record in each case.

And now, November 23, 1942, the rule to show cause why respondent should not be held in contempt is made absolute. A writ of attachment against him is held in abeyance pending the payment by the respondent to the libellant's counsel, Francis H. S. Ede, Esq., of the sum of $10 out of every two weeks' payment of wages he receives until the full amount he has been directed to pay by the opinion dated May 5, 1942, be paid, provided that the libellant shall have the right to have the writ of attachment issued upon failure of such payments, and provided further that the libellant shall have the right to proceed with her divorce action to final decree without such action on her part impairing respondent's duty to comply with the instant order, and thus, by payment of the amounts he is under orders to pay her for any outlay she has made of her own money.

The costs of this rule are to be paid by respondent.