## Miller v. Miller

*W. Irvine Wiest*, for libellant.
*Harold F. Bonno*, for respondent.

FORTNEY, P. J., January 26, 1948.—This is a proceeding in divorce a vinculo matrimonii, wherein a petition by libellant was filed for counsel fees and expenses. Respondent did not file an answer to this petition and testimony was taken December 15, 1947. The testimony discloses that the parties were married in the year 1922 and separated in the summer of 1944, when the wife-libellant removed from their common domicile. The parties, since 1939, have operated a taproom, with the license issued in their joint names. Libellant testifies that she has received no income what-

soever from this business, although when she left the common domicile, she removed, with the permission of respondent, some furniture, as well as the sum of $375 in cash.

In her petition, libellant alleges that she has no separate estate of her own, will be forced to lay out and expend large sums of money in paying her counsel, and asks that the court award her $100 as counsel fees, $50 as a master's fee, and $25 for court costs and costs of the prothonotary. The testimony shows that libellant is presently employed in the capacity of nurse at the Communtiy Hospital in Sunbury, receives $150 per month salary, and, in addition, her board and lodging; that her equity in some Government bonds, purchased with the help of her mother and brother, is about $2,500. Libellant, in her petition, alleges that respondent has an income of $300 per month. Respondent neither filed an answer, nor testified in the matter, so that we assume this is a correct approximation of his income.

The Divorce Law of May 2, 1929, P. L. 1237, as amended by the Act of May 25, 1933, P. L. 1020, sec. 1, 23 PS §46, provides:

"In case of divorce from the bonds of matrimony or bed and board, the court may, upon petition, in proper cases, allow a wife reasonable alimony pendente lite and reasonable counsel fees and expenses."

The act is not mandatory: Tumini v. Tumini, 150 Pa. Superior Ct. 363, 367.

Counsel fees may be allowed in favor of the wife during the pendency of divorce whether she is libellant or respondent: 2 Freedman on Divorce, §679. Humphreville v. Humphreville, 22 Dist. R. 40.

There was no testimony presented at the hearing concerning the witnesses necessary for libellant to offer a defense to the allegations in the libel. Neither is it shown where these witnesses resided, how many there

would be, nor what it would cost for their appearance at the trial. We likewise have no testimony as to what other expenses are necessary for a proper defense by libellant. Consequently, no expenses will be allowed.

It has been the practice for many years in Pennsylvania to allow a wife, without a separate estate of her own, who is a party to an action of divorce, such reasonable sum as will enable her to present her case to the end that justice be not denied her.

In determining the amount to be allowed the wife for counsel fees, consideration must be given, not only to the value of counsel's services and the wife's necessities, but also to the husband's ability to pay, and the character, situation and surroundings of the parties: Brong v. Brong, 129 Pa. Superior Ct. 224. The allowance of counsel fees rests in the sound discretion of the court: Clark v. Clark, 160 Pa. Superior Ct. 562; Carr v. Carr, 160 Pa. Superior Ct. 124.

In her petition, libellant asks for the allowance of a master's fee and for the sheriff's and prothonotary's costs. It was held in York v. York, 107 Pa. Superior Ct. 522:

"The compensation of a master in an action of divorce is a part of the costs of the proceeding. . . . the court may direct either the libellant or the respondent to pay the costs. The costs . . . may not be assessed against a respondent until the court so decrees." (Syllabus.)

A master's fees do not come within the category of costs to be advanced by respondent. As was said in York v. York, supra, they need not necessarily have been incurred in the prosecution of this case, as libellant could have sought a trial by jury. In the same case, it is held that expenses which may be docketed as costs, such as prothonotary's or sheriff's fees, may not be ordered paid by respondent prior to final determination of the case. Hence, the following

286

*Order*

And now, to wit, January 26, 1948, the rule granted on the petition of libellant for counsel fees is made absolute and it is ordered and directed that respondent, Emerson R. Miller, pay to libellant, Emily A. Miller, for counsel fees, the sum of $100. The application of libellant for the master's fee, prothonotary's costs and sheriff's costs, is disallowed.