Merlin, Appellant, *v.* Merlin.

Argued September 16, 1963. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*I. Raymond Kremer,* for appellant.

*Joseph G. Feldman,* with him *Stephen M. Feldman,* and *Feldman & Feldman,* for appellee.

OPINION BY WATKINS, J., March 17, 1964:

These appeals are from two separate orders of the Court of Common Pleas No. 1 of Philadelphia County directing the payment of $2400 additional counsel fees and $2000 additional master's fee, respectively. The orders grew out of a divorce action between Irvin Merlin, the plaintiff-appellant and Tina S. Margulies Merlin, the defendant-appellee. The plaintiff's exceptions to the master's report recommending the dismissal of the divorce action were denied and the complaint in divorce dismissed. No appeal has been taken from this action. Judge GRIFFITHS wrote the opinion in both cases.

Although they are separate orders and involve fees for a master and for counsel, and although separate opinions have been written by Judge GRIFFITHS, they were argued together and we are disposing of them in one opinion.

As to the request for additional counsel fees and costs in the amount of Ten Thousand Dollars, the appellee claimed that counsel spent 107¾ hours in preparing and presenting her defense, which was supported by a schedule in the record. This was exclusive of the time spent by him arguing the exceptions. The court below believed that such time was reasonably spent and that the sum of $2400 was a reasonable additional fee.

The review of an award of counsel fees on an appeal is limited to the examination of the question of the exercise of judicial discretion by the court below. The order may be reversed only if it appears that there has been a manifest abuse of discretion. *Cox v. Cox,* 187 Pa. Superior Ct. 177, 144 A. 2d 458 (1958).

There are no fixed rules as to the amount to be allowed as counsel fees in a divorce proceeding. It is not measured solely by the value of counsel's services or by the wife's necessities. The husband's ability to pay, the separate estate of the wife, the character, situation and surroundings of the parties are all to be considered in determining a fair and just amount which the husband should pay. *Brong v. Brong,* 129 Pa. Superior Ct. 224, 195 A. 439 (1937) ; *Karmany v. Karmany,* 71 Pa. Superior Ct. 308 (1919). "The rule is that 'in determining the amount to be allowed the wife for counsel fees, consideration must be given not only to the value of counsel's services and the wife's necessities but also to the husband's ability to pay and the character, situation and surroundings of the parties.' " *Seery v. Seery,* 183 Pa. Superior Ct. 322, 330, 131 A. 2d 845 (1957) ; *Rothman v. Rothman,* 180 Pa. Superior Ct. 421, 119 A. 2d 584 (1956).

The court below had this to say concerning the time spent by counsel: "In support of her supplemental petition for additional counsel fees and costs in which $10,000.00 is requested, defendant avers that counsel

spent 107¾ hours in preparing and presenting her defense, as is evidenced by a schedule attached thereto, exclusive of the time spent by him arguing exceptions to the Master's Report. Plaintiff denies that this much time was necessary, but the court believes, in light of the extended proceedings as the notes of testimony, depositions and docket entries clearly show, that such time was reasonably spent in the matter."

All that remains then is a review of the husband-appellant's ability to pay, the character, situation and surroundings of the parties. We must agree with the court below that: "From the record, however, including the testimony taken before the Master, it appears that the Plaintiff, by his own admissions, was able to purchase for his wife a fur coat for $1100.00; that he represented himself as a partner in his father's real estate business, known as M. Merlin and Son, and that he is a part owner of a large apartment house at 49th and Drexel Road, Philadelphia, Pa. containing eight apartment units. The father is physically incapacitated, with poor eyesight, and cannot very well conduct the business, which appears to be conducted with the son. At the Master's hearing, the wife testified that her husband told her he was making $300.00 a week salary, which was believed by the Master and by this Court.

"It appears that the Defendant is trying to shelter himself, under the protective care of his father, which, from a reading of all the testimony and evidence before us, cannot be substantiated, as this Plaintiff clearly earns considerably more than he would have the Court believe, and we so find from the credible evidence before us." From this, it is apparent that his ability to pay is far beyond that which he claims.

As to the request for an additional master's fee of $5000, the record discloses that the master spent 106 hours in the performance of his duties and the amount

of $2000, in view of the time expended, and in view of the value of the dollar by today's standard, is not unreasonable.

The master's fee is an essential item in the conduct of an ordinary divorce proceeding, whether or not it be considered a part of the expenses. *York v. York,* 107 Pa. Superior Ct. 522, 164 A. 87 (1933). The Divorce Law does not prescribe the compensation of masters, the amount of an allowance for the master is largely within the discretion of the court below. The exercise of this discretion is subject to review on appeal. *Cox v. Cox,* supra.

As in the case of counsel fees, in arriving at a fair award the time spent by the master is not the sole criteria; the ability of the husband to pay is a factor, the circumstances and situation of the parties must be considered. *Orsuto v. Orsuto,* 171 Pa. Superior Ct. 532, 91 A. 2d 284 (1952); *Shuman v. Shuman,* 195 Pa. Superior Ct. 145, 170 A. 2d 597 (1961).

Again, as in the case of counsel fees, the ability of the husband to pay is taken into consideration in determining the reasonableness of the amount. The financial position of the parties is a fundamental question in the determination of the amount of the award. *Shuman v. Shuman,* supra; *Orsuto v. Orsuto,* supra. We have already set forth the reasoning of the court below as to his financial condition.

Appellant contends there is not sufficient credible testimony in the record to determine these matters since the question was submitted to the court below on petition and answer, upon stipulation of counsel, without the taking of depositions. We cannot agree with appellant's position. This is not a new and separate action for the court but is a usual and integral part of most divorce proceedings. The court has before it the entire record, from the original petition for alimony pendente lite and counsel fees; the order of $60

per week alimony still in effect; the payment of $150 counsel fees; the testimony in the divorce and the petition and answer.

We cannot say that the court below abused its discretion in making these orders.

Orders affirmed.