153

## Bennett, Appellant, *v.* Bennett.

■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■

Argued September 12, 1967. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, and SPAULDING, JJ. (HOFFMAN, J., absent).

■■■■■■■■■■■■■■■■■■■

■■■■■■■■■ ■■■■■■■

■■■■■■■■

■■■■■■■■■■■■■■■■■■■

*William H. Seyfert,* with him *Raspin, Espenshade, Heins, Erskine & Stewart,* for appellant.

*Homer Cook Grasberger,* for appellee.

OPINION BY ERVIN, P. J., November 16, 1967:

The question involved in this appeal is whether the husband-plaintiff should be required to pay an additional counsel fee of $1,000.00.

The court below refused a divorce a.v.m. to the plaintiff-husband and also refused a divorce a. m. e. t. to the defendant-wife. The court below ordered the plaintiff-husband to pay the sum of $1,000.00 as additional counsel fee to the wife's attorney.

Relevant facts are established by the petition and answer containing new matter and are as follows: The husband's gross annual income is $5,952.18. Out of this he pays a support order for the wife of $28.00 a week, amounting to $1,456.00 a year, and has a net income of $4,496.18. He is an employe of a bank. The wife is a legal secretary and has a gross annual income of $3,900.00. If the support order of $1,456.00 is added to her annual income, she has a gross annual income of $5,356.00.

The parties sold a home owned as tenants by the entireties and the wife received the sum of $3,949.58, one-half of the proceeds of this sale, outright, and the other half of the proceeds, to wit: $3,949.57, was deposited in a joint savings account with the right of survivorship. The signature of both parties is required for any withdrawals from the savings account. The passbook is in the wife's possession and no withdrawals have been made from this account.

The husband owns no real or personal property except his personal effects, a 1963 automobile and a checking account with a balance of less than $250.00. He has no income other than the salary from the bank.

The husband has paid $75.00 on account of defendant's counsel fee, as per decree of the court below dated September 24, 1964. He has also paid the official court stenographer for the notes of testimony, which includ-

ed an additional copy for defendant's attorney, at a cost of $210.80.

An award of counsel fees should be measured by (a) the value of counsel's services; (b) the husband's ability to pay as measured by his estate, income and earning capacity, and (c) the wife's need as determined by her estate and income. See *Shuman v. Shuman,* 195 Pa. Superior Ct. 155, 170 A. 2d 602; *Merlin v. Merlin,* 203 Pa. Superior Ct. 16, 198 A. 2d 362.

In appropriate cases, the wife may be required to pay her own counsel fees in whole or in part: *Seery v. Seery,* 183 Pa. Superior Ct. 322, 131 A. 2d 845; *Tumini v. Tumini,* 150 Pa. Superior Ct. 363, 28 A. 2d 357.

The facts of this case clearly demonstrate that the wife is in better financial condition than her husband and under all the surrounding circumstances we are of the opinion that any additional counsel fee to her attorney should be borne by the wife alone.

Anything we have said herein is not to be construed as an opinion by us that the additional fee to the wife's attorney is unreasonable.

Counsel for the appellant, at the bar of the Court, indicated the appellant's willingness to sign a check with his wife on the hereinbefore mentioned savings account to pay the additional counsel fee for the wife's attorney and we believe that this would be a proper solution of the matter.

Order reversed.