397 A.2d 7

**Mary Ann OSWALD, Appellee,**

v.

**Wilbert J. OSWALD, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 25, 1978.

Decided Jan. 18, 1979.

C. Donald Gates, Jr., Pittsburgh, for appellant.

John A. Knorr, Pittsburgh, for appellee.

Before CERCONE, WIEAND and LIPEZ, JJ.

WIEAND, Judge:

In this divorce action, the trial court made an award to the wife-plaintiff for counsel fees in the sum of $500, expenses in the sum of $100, and alimony pendente lite in the total amount of $200. The husband-defendant appealed. We affirm.

The Divorce Law of May 2, 1929, P.L. 1237, § 46, as amended, 23 P.S. § 46, provides in part:

"In case of divorce from the bonds of matrimony or bed and board, the court may, upon petition, in proper cases, allow a [spouse] reasonable alimony pendente lite and reasonable counsel fees and expenses."

The legal principles governing an award under this section of the Divorce Law are well settled. The purpose of such an award is to ensure that a financially dependent spouse will be enabled to maintain or defend against an action for divorce. *Jack v. Jack*, 253 Pa.Super. 538, 543, 385 A.2d 469, 472 (1978); *Belsky v. Belsky*, 196 Pa.Super. 374, 175 A.2d 348 (1961). The same considerations are relevant whether a spouse seeks alimony pendente lite or counsel fees and expenses. *Wiegand v. Wiegand*, 242 Pa.Super. 170, 177, 363 A.2d 1215, 1218 (1976). A trial court possesses a wide range of discretion in fixing the amount of an award, and an appellate court will not interfere except in cases of manifest abuse of discretion. *Wechsler v. Wechsler*, 242 Pa.Super. 356, 361, 363 A.2d 1307, 1310 (1976); *Kayaian v. Kayaian*, 223 Pa.Super. 103, 106, 297 A.2d 136, 138 (1972).

There has been no abuse of discretion in the instant case. The husband-appellant was employed and earned approximately $20,000 per year. In addition to his own living expenses, none of which were extraordinary, he had been required by court order to pay $525 per month for the support of three minor children living with wife-appellee. The latter, meanwhile, had no full time employment and earned, during the pendency of the divorce action, approximately $100 to $125 per month as a part-time baby-sitter.

The record reveals no assets other than real estate owned by the parties as tenants by the entireties, occupied by appellee and her children and encumbered by a mortgage of undisclosed amount. The award of alimony pendente lite was calculated at the rate of $100 per month for two months. Appellee's counsel fees were estimated to be $500, and her expenses were $100. These amounts were reasonable and within the purposes of the statute.

Appellant argues, however, that the trial court's award was unauthorized and improper because it was made after a divorce decree had been entered. Appellee's petition had been filed on December 21, 1977, and the trial court had set March 9, 1978 as the date for hearing thereon. In the interim, the wife-appellee borrowed funds from her parents and proceeded with her action in divorce. The action was not contested, and a decree in divorce was entered on February 23, 1978. The order awarding alimony pendente lite, counsel fees and costs was entered at the conclusion of the hearing on March 9, 1978.

We find no merit in appellant's argument. The statute contains no requirement that a petition be presented or determined during the pendency of the divorce action. Thus, it has been held that a court may entertain a petition for counsel fees and expenses which has been presented for the first time after a decree has been entered and the period for appeal has expired. *Rothman v. Rothman*, 180 Pa.Super. 421, 119 A.2d 584 (1956). A fortiori, a petition for counsel fees and expenses filed during the pendency of a divorce action may be determined after a decree has been entered. *Morgan v. Morgan*, 182 Pa.Super. 182, 126 A.2d 805 (1956). As a practical matter, it is difficult in many instances to make an accurate determination of an award for counsel fees and expenses until after a decree has been entered. To require a final determination prior thereto would be imprudent, for it would increase rather than decrease the risk of an improper award.

Awards of alimony pendente lite are intended to serve a slightly different purpose. Because they are intended to enable a financially dependent spouse to support

himself or herself during the pendency of a divorce action, a petition therefor will usually be presented during the pendency of the proceeding. *Rothman v. Rothman, supra.* There can be no doubt, however, that a court has the power to order alimony pendente lite after a decree in divorce where a petition has been presented prior to the entry of such decree. 2 Freedman, Law of Marriage and Divorce in Pennsylvania § 445. See also: *Hartje v. Hartje,* 39 Pa.Super. 490 (1909).

Even if we were able to find merit in appellant's argument, it would not avail him in this proceeding. The award of alimony pendente lite was made before expiration of the period for appeal from the decree of divorce. An appeal is a matter of right. *Commonwealth v. Scholl,* 156 Pa.Super. 136, 138, 39 A.2d 719, 720 (1944). Until the period therefor has expired, a divorce decree is not final, and the action remains pending. *Jack v. Jack, supra* ; *Marra v. Marra,* 178 Pa.Super. 102, 113 A.2d 320 (1955). There can be no doubt, therefore, that the petition for alimony pendente lite in the instant case was timely heard and decided.

The order is affirmed.

CERCONE, J., concurs in the result.