418 A.2d 415

**Stanislaus K. YOUNG, Appellant,**

v.

**Ann T. Yung YOUNG.**

Superior Court of Pennsylvania.

Argued June 11, 1979.

Filed Jan. 11, 1980.

Reargument Denied March 17, 1980.

Randolph W. Von Till, Jr., Radnor, for appellant.

Donald W. Lehrkinder, Media, for appellee.

Before SPAETH, STRANAHAN and SUGERMAN, JJ.*

SUGERMAN, Judge:

The Appellant, Plaintiff–Husband in the divorce action below, appeals an award of counsel fees to Appellee, Defendant–Wife, in the sum of $4,525. No testimony was taken by

* President Judge John Q. Stranahan of the Court of Common Pleas of Mercer County, Pennsylvania, and Judge Leonard Sugerman of the Court of Common Pleas of Chester County, Pennsylvania, are sitting by designation.

the lower court at the hearing upon Appellee's petition for counsel fees before the entry of the Order and Appellant asks that we remand for the purpose of an evidentiary hearing.

We observe from the record that Appellant filed his complaint in divorce on May 27, 1977. An appearance was entered on behalf of Appellee shortly thereafter, a Master was appointed and a vigorous contest ensued, culminating in four and one–half days of hearings.[1]

On August 23, 1977, a few weeks before the Master's hearings commenced, Appellee filed a petition for counsel fees and costs. An answer to the petition was promptly filed by Appellant and following a hearing, Judge ECKELL of the court below entered an Order awarding Appellee the sum of $675 as counsel fees and costs [2].

On some prior but unspecified date, Judge McGOVERN entered a support Order against Appellant in the sum of $425 monthly. Neither the record of that proceeding nor a copy of Judge McGOVERN's Order are included in the record filed here.

On July 17, 1978, following the completion of the Master's hearings, Appellee filed her second petition for counsel fees and costs, seeking an award in the sum of $6,355.

The matter was called for hearing on August 7, 1978, before Judge LABRUM, Jr., of the court below. Counsel for the parties were present and although the transcript of the proceedings does not reflect the fact, the parties agree that Appellant was present at the hearing as well. Preliminary argument by counsel ensued during which counsel for Appellee, in support of the petition, explained his position and amplified the allegations in the petition. Counsel for Appellant orally disputed a number of Appellee's allegations, and

1. The transcripts of the hearings contain more than 650 pages of testimony.

2. For reasons that we cannot determine, neither the transcript of the hearing nor a copy of Judge ECKELL's Order are included in the record filed here. A copy of the Prothonotary's docket has been filed, however, and it contains entries reflecting the events described.

explained that although he intended to do so, he had not filed an answer by reason of a malfunctioning typewriter. Counsel then disagreed upon the meaning, limitations and intent of Judge ECKELL's earlier Order awarding counsel fees and costs, whereupon Judge LABRUM, Jr. asked:

"THE COURT: Mr. Von Till [Appellant's counsel], do you require testimony on Mr. Lehrkinder's [Appellee's counsel] allegations from him or do you accept the averments as that to which he would testify if he were on the stand?"

Appellant's counsel responded:

"Mr. Von Till: Well, your Honor, I cannot dispute it if he says he has spent certain hours. I would have no proof to the contrary."

The colloquy among counsel and Judge LABRUM, Jr. continued briefly, during which the Judge asked that the notes taken at the hearing held before Judge ECKELL on the earlier petition for counsel fees be transcribed, and he then announced that he would hold the matter under advisement until such notes were transcribed. The proceeding thereupon concluded. No witnesses or testimony were produced by either party. No files or transcripts of any kind were in the possession of the court on the date of the proceeding.[3] The report of the Master had not yet been filed and the transcripts of the Master's hearing were in his possession. We are not yet aware of whether the notes taken before Judge ECKELL and requested by Judge LABRUM, Jr. were ever transcribed, as they are not among the documents filed here and the Prothonotary's docket below does not specifically reflect the lodgement or filing of transcripts.

While the matter was in that posture, the Master, on August 8, 1978, filed his report recommending that the court deny Appellant a Decree in divorce. On August 17, 1978, Judge LABRUM, Jr. entered the Order forming the basis of

3. As the transcript of the proceedings before Judge LABRUM, Jr. indicates counsel for Appellee handed the Judge his personal file copy of the petition for counsel fees in order that the Judge might have before him a copy of the document upon which that very proceeding had been convened.

this appeal, awarding Appellee $4,525 as counsel fees and costs. The next day, August 18, 1978, Appellant filed an answer to Appellee's petition, denying most of the material allegations thereof.

Appellant contends on appeal that at the very least, the record fails to reflect a finding by the lower court that Appellant is financially able to pay the sum awarded as counsel fees and costs, and that the record is devoid of any evidence upon which the lower court might have made such finding. Appellee argues to the contrary that the record contains nothing from which the lower court could find that Appellant is not financially able to pay the award, and in any event, Appellant has waived the right to contest the issue on appeal by failing to offer testimony at the hearing, notwithstanding his presence thereat.

■ Section 46 of the Divorce Law of 1929, May 2, P.L. 1237, as amended, provides in pertinent part:

"In case of divorce from the bonds of matrimony . . . the court may, upon petition, in proper cases, allow a spouse reasonable alimony pendente lite and reasonable counsel fees and expenses . . ."

As this court has observed on a number of occasions, the purpose of an award under this section of the Divorce Law is to ensure that a financially dependent spouse will be able to maintain or defend against an action for divorce. *Oswald v. Oswald*, 263 Pa.Super. 85, 397 A.2d 7, 8 (1979); *Jack v. Jack*, 253 Pa.Super. 538, 543, 385 A.2d 469, 472 (1978); *Wechsler v. Wechsler*, 242 Pa.Super. 356, 360, 363 A.2d 1307, 1309–10 (1976); *Kayaian v. Kayaian*, 223 Pa.Super. 103, 106, 297 A.2d 136, 138 (1972); *Moore v. Moore*, 198 Pa.Super. 349, 354, 181 A.2d 714, 716 (1962).

■ In *Jack v. Jack*, supra, quoting from *Shuman v. Shuman*, 195 Pa.Super. 155, 157–58, 170 A.2d 602–03 (1961), we again articulated the principles governing awards of counsel fees and costs:

"No standard is fixed for determination of the amount of counsel fee other than the requirement that it must be

reasonable. Consideration must be given to the husband's ability to pay, to the wife's necessity, and to the extent of her separate estate. See Freedman, Law of Marriage and Divorce, Second Edition, Section 465.

'How much shall be allowed as alimony and for counsel fees and expenses is a matter of judicial discretion and the validity of the order depends upon the proper exercise of that discretion . . . This court will not reverse an order of the court below "except for plain abuse of discretion" . . . There are no fixed rules as to the amount to be allowed. It is not to be measured solely by the value of counsel's services or by the wife's necessities. "The husband's ability to pay, the separate estate of the wife, the character, situation and surroundings of the parties are all to be considered in determining a fair and just amount which the husband should pay" . . . To deny a destitute wife the means to pay for process and professional aid is to deny her justice . . . and likewise to deny an innocent and injured husband a divorce unless he pay counsel fees beyond his ability to pay is to close the doors of the courts to many worthy suitors. The statute contemplates the payment of a reasonable counsel fee, limited by the necessities appearing from the evidence, such as will as nearly as possible promote the administration of fair and impartial justice by placing the parties on a par in defending their rights': *Brong v. Brong*, 129 Pa.Super. 224, 195 A. 439. See also *Albrecht v. Albrecht*, 175 Pa.Super. 650, 107 A.2d 209." *Id.* 253 Pa.Super. at 545–46, 385 A.2d at 473.

As is thus apparent, before an award of counsel fees or costs may properly be made, the court must consider the Husband's ability to pay, the separate estate and income of the Wife, and the character, situation and surroundings of the parties. *Wechsler v. Wechsler*, supra, 242 Pa.Super. at 360, 363 A.2d at 1310; *Kayaian v. Kayaian*, supra, 223 Pa.Super. at 106, 297 A.2d at 138; *Brong v. Brong*, 129 Pa.Super. 224, 226, 195 A. 439 (1937). The value of counsel's services alone is not the sole criterion, *Merlin v. Merlin*, 203 Pa.Super. 16, 18, 198 A.2d 362, 363 (1964).

It is obvious from a review of the transcript of the hearing before Judge LABRUM, Jr. that no evidence was presented bearing upon the question of Appellant-Husband's ability to pay the award, or the separate estate or income of the Wife, or any of the other relevant factors.

It is correct, of course, as Appellee suggests, that the court need not conduct an evidentiary hearing on the petition for counsel fees and costs, provided it has before it a sufficient record from which to make appropriate findings, *Merlin v. Merlin,* supra, 203 Pa.Super. at 20–21, 198 A.2d at 364, as a petition for counsel fees and costs is not a new and separate action but is an integral part of most divorce proceedings. *Id.*

Here, however, there is no indication of whether the court had before it a transcript of the earlier hearing upon Appellee's first petition for counsel fees and costs, or a transcript of the hearing before Judge McGOVERN for support, or the transcripts of the Master's hearings.

The opinion of the lower court suggests that there ". . . was no testimony given to the effect that the Plaintiff [Appellant] was limited in his funds to pay any Order entered by the court . . ." Opinion of lower court at 2. This statement is of course literally correct, but we do not find it a sufficient basis upon which to rest an award of counsel fees and costs in the absence of a specific finding, based upon evidence, that Appellant possesses the ability to pay an award.

While we should, in the usual case, find a waiver by reason of the failure of Appellant despite his presence to offer testimony or other evidence on the subject at the hearing, we cannot in the case before us as the Order of the lower court appears to be based solely upon an evaluation of counsel's services, without a consideration of the other factors necessary to a proper determination, *Wechsler v. Wechsler,* supra; *Kayaian v. Kayaian,* supra.

Accordingly, we vacate the Order of the lower court and remand for the purpose of an evidentiary hearing and to

permit the lower court to make findings upon Appellant's ability to pay counsel fees and costs, and separate income and estate of Appellee, and the character, situation and surroundings of the parties. Following such hearing, the lower court shall enter an Order, from which either party may appeal.