433 A.2d 480

Nils LIEBENDORFER, Appellant in No. 727 and Appellee in No. 1112,

v.

Sue Ann LIEBENDORFER, Appellee in No. 727 and Appellant in No. 1112.

Superior Court of Pennsylvania.

Argued Nov. 10, 1980.

Filed May 1, 1981.

Reargument Denied Aug. 10, 1981.

Frank J. Lucchino, Pittsburgh, for appellant at No. 727 and for appellee at No. 1112.

Barris Siegel, Rochester, for appellee at No. 727 and for appellant at No. 1112.

Before SPAETH, WICKERSHAM and LIPEZ, JJ.

LIPEZ, Judge:

Wife defendant appeals from the entry of a final decree in divorce A.V.M. in favor of her husband on the grounds of indignities, pursuant to Section 10 of the Divorce Law of 1929. The husband appeals from the award of counsel fees and expenses.

Essentially it was contended that the wife drank excessively, and was a confirmed alcoholic causing the husband such embarrassment and humiliation as to constitute indignities. The master recommended a divorce, believing the husband and his witnesses, disbelieving the wife and her witnesses, and finding the husband to be an innocent and injured spouse. The court below agreed. Having made an independent and complete study of the evidence, *Leucci v. Leucci*, 261 Pa.Super. 102, 395 A.2d 1333 (1978), we are convinced that the husband is not an innocent and injured spouse and reverse. We think the award of counsel fees and expenses was proper and affirm.

There was abundant evidence to show that the wife drank excessively and was indeed a confirmed alcoholic. Though the parties were married for some 25 years, the crucial period was from 1972 to December 1977 when the husband left. He was president of a building and loan association, entertaining in the home and attending many functions, parties and conventions with the wife. During this period, though the wife drank considerably, as wife and mother she took care of the household duties, took courses in various colleges towards a masters degree, putting in long hours in her household duties and her studies, and became an associate professor at a community college. We agree that the evidence of her actions, privately and publicly, arising as

they did out of her excessive drinking, constituted indignities.

However, we think the husband has not carried his burden of proving by clear and convincing evidence that he was an innocent and injured spouse. *O'Leary v. O'Leary*, 264 Pa. Super. 253, 399 A.2d 763 (1979). The wife's actions constituting indignities were all clearly alcohol related. During the whole of this five year period, except for a short time in 1977, both the husband and wife brought alcoholic beverages into the home. The husband took his wife to various parties, conventions and clubs where alcoholic beverages were served, where he made it a point to get drinks for her and himself, notwithstanding his knowledge of her drinking proclivities. During all this period the husband himself continued to drink considerably. A number of times the husband suggested that she do something about her drinking problem, but he did not actively do anything about it, except to suggest certain doctors. She saw them, none of whom appeared to be helpful. She then told her husband that they both needed counseling, asking him to go with her but he refused.

In May of 1977, the husband left her telling her that until she got professional help he was not returning. She then inquired about a hospital in Lynn, Massachusetts to which she went for two weeks while the husband stayed with the children. He made no calls to her there. She returned improved, begged her husband's forgiveness and then began to attend A.A. meetings. Though she requested him to attend with her he failed or refused to do so. After a time since her husband would not babysit and finding it difficult to obtain babysitters, she stopped going. During this period she had stopped drinking. Thereafter the former drinking pattern started again. Both husband and wife at various times started bringing liquor into the house; both of them drank there with company; they went to a convention in San Francisco where husband ordered drinks for her and himself; they continued going to various parties where liquor was served. The husband started a pattern of staying

out late at night. Finally, on December 27, 1977, he told her that he didn't want to be restricted anymore—that he wanted to be free to enjoy life. He then left her since which time they have been separated.

We are convinced that since the husband never made "a serious effort to shield the defendant from her weakness or to effect a change in her drinking habits, he is not an injured *and* innocent spouse." *Hunter v. Hunter*, 169 Pa.Super. 498, 83 A.2d 401 (1951). See also, *Carter v. Carter*, 166 Pa.Super. 499, 72 A.2d 621 (1950); *Othmer v. Othmer*, 158 Pa.Super. 384, 45 A.2d 389 (1946). His was, for the most part, merely lip service, by telling her to see doctors, without actually doing anything about it. Indeed, by taking her to clubs and parties where liquor was served, by buying her drinks, by allowing liquor in the house (except for a short period following her hospitalization), by allowing it to be served in the home, by his considerable indulging in it himself, and by failing to actively aid her in her efforts to overcome her drinking habits, he must share the responsibility for her actions, all of which were drink related. And while it is true that a plaintiff need not be wholly free from fault to be innocent and injured, *McCaskey v. McCaskey*, 253 Pa.Super. 360, 385 A.2d 378 (1978), here the husband's derelictions were not a minor or passing phenomenon, but went to the very heart of the cause which brought about the marital difficulties.

As to the appeal relating to counsel fees, the award was well within the range of the court's discretion. *See Oswald v. Oswald*, 263 Pa.Super. 85, 397 A.2d 7 (1979).

Decree reversed and complaint dismissed. Award of counsel fees affirmed.

WICKERSHAM, J., files a dissenting statement.

WICKERSHAM, Judge, dissenting:

I would affirm the Allegheny County Court *En Banc* consisting of the Honorable John G. Brosky (now of the Superior Court of Pennsylvania) and the Honorable William

344

H. Colbert, who concurred in the recommendations of the Master that plaintiff be granted a divorce based upon indignities.