## Froelke v. Salata

*Richard Froelke,* for petitioner.
*Frank Kroto,* for respondent.

PFADT, *J.,* July 19, 1983—The petitioner herein is before the court asking that the respondent, her ex-husband, be held in contempt because he unilaterally ceased making monthly alimony payments to

petitioner. Respondent contends that although he had agreed to make the alimony payments to petitioner, his obligation terminated when petitioner recently remarried.

Petitioner bases her right to receive continued alimony payments on an agreement executed by the parties on October 4, 1982, after extensive negotiations. The purpose of the agreement was to compromise and settle all property custody, maintenance, support and related rights of the parties. As part of that agreement, the respondent promised to pay the sum of $250 per month to the petitioner for 48 consecutive months, subject to the non-occurrence of two stated contingencies. Although the parties discussed the possibility of having the monthly payments terminate in the event the petitioner remarried, that provision was not included in the final draft of the agreement.

Nonetheless, respondent points out that the parties' agreement was incorporated by reference into the court's final decree of divorce on November 12, 1982 and is, therefore, governed by the language contained in 23 P.S. §501(f) which provides that "whenever the court shall approve an agreement for the payment of alimony voluntarily entered into between the parties, such agreement shall be deemed the order of the court and may be enforced as provided in section 503." Respondent cites 1 Matrimonial Practice §27:2 which suggests that once such an agreement is made part of the court order, it "will also be subject to 23 P.S. §501(e), which allows a court to modify, suspend, terminate or reinstitute that order upon changed circumstances of either party of a substantial and continuing nature." The treatise also notes that remarriage "would *automatically* terminate" such an order.

From our research, we have discovered no Pennsylvania case which considered the issue presented here. The treatise cited by the respondent, although learned, has no precedential value and also cites no Pennsylvania case law as authority for the views expressed.

There are, however, Pennsylvania cases concerning separation agreements in the context of the modifiability and enforceability of support orders. The well-reasoned concepts developed in those cases are relevant and should be equally applicable in the present case even though an agreement to pay alimony, not support, is involved here.

In a nutshell, separation agreements are not modifiable and are enforceable despite their incorporation into later court orders if the parties did not intend their agreements to merge into and become part of the court's order. Millstein v. Millstein, Pa. Super. , 457 A.2d 1291 (1983) and Brown v. Hall, 495 Pa. 635, 435 A.2d 859 (1981).

Here, it is clear that the parties' intent was that merger should not occur. Under the heading entitled "Entry as Part of Decree," the agreement states that "it is the intention of the parties that this agreement shall survive any action for divorce which may be instituted or prosecuted by either party and no order, judgment or decree of divorce, temporary, interlocutory, final or permanent, shall affect or modify the financial terms of this Agreement." Further, in a different section of the agreement, the parties specified that the terms of the agreement could be effectively modified or waived only if the modification or waiver was "made in writing and executed with the same formality" as the agreement itself.

Since the parties did not intend their agreement to merge into the court's subsequent order, the terms of the agreement could not be modified unilaterally nor did the respondent's obligation to pay

alimony automatically terminate when the petitioner remarried.

The separation agreement provides for the payment of petitioner's attorney's fees and costs in the event the respondent breached any of the terms of the agreement. For the reasons stated above, the court has concluded that the termination of payments by the respondent was not justified, and that he did breach the terms of the separation agreement. Therefore, petitioner is entitled to the reasonable attorney's fees that a Pennsylvania attorney, in this area, would have charged to enforce her rights under the agreement. Respondent cites Hoover v. Hoover, 288 Pa. Super. 159, 431 A.2d 337 (1981) and Young v. Young, 274 Pa. Super. 298, 418 A.2d 415 (1980) in support of his position that attorney's fees should not be awarded automatically without a showing of need on the part of the petitioner. Those cases are factually dissimilar and inapplicable here, since neither case involved the award of attorney's fees pursuant to the terms of a separation agreement.

## ORDER

And now, July 19, 1983, respondent is hereby found in contempt of this court and is ordered to pay all past due monthly alimony payments to petitioner and to resume making regular monthly alimony payments as agreed under the terms of the separation agreement executed by the parties and incorporated by reference into the decree in divorce of November 12, 1982. Further, all reasonable costs and attorney's fees incurred by the petitioner in order to enforce the terms of the separation agreement shall be borne by the respondent. The amount of the attorney's fees shall not exceed the amount that a Pennsylvania attorney practicing in this area would charge.