## Pastuszek v. Pastuszek

*Lawrence A. Goldberg*, for plaintiffs.
*Michael P. Dignazio*, for defendant.

332

LABRUM, *J.*, October 16, 1984—On March 18, 1983, after protracted legal proceedings, this court issued a decree in divorce, divorcing the parties from the bonds of matrimony and reserving jurisdiction to dispose of ancillary matters, which consisted of alimony pendente lite, alimony, Counsel fees and costs and equitable division of property. On July 19, 1983, before any further action was taken on the unresolved issues, plaintiff, Irene Pastuszek, died. The fiduciaries of Mrs. Pastuszek's estate were substituted as party plaintiffs and sought to continue the ancillary aspects of the case.

Defendant filed a petition for abatement of the claims on the ancillary matters. After a hearing on the matter, this court entered an order on May 31, 1984 terminating the above action and abating the ancillary matters outstanding by reason of the death of plaintiff, Irene Pastuszek. Plaintiffs have appealed to the Superior Court.

Due to the relatively recent enactment of our present Divorce Code, 23 P.S. §101 et seq, there is little, if any assistance on the issue before this court from the appellate courts. In the present case, no order for counsel fees had yet been entered at the time of plaintiff's death. Counsel fees are not to be awarded to either spouse automatically. The purpose of an award of attorneys fees is to insure that a financially dependent spouse will be able to maintain or defend the action. Sutliff v. Sutliff, 326 Pa. Super. 496, 474 A.2d 599 (1984); Young v. Young, 274 Pa. Super. 298, 418 A.2d 415 (1980).

The basic issue regarding counsel fees under the code is need. Any request for counsel fees must be determined by the party's ability to pay, the separate

estate of petitioner and the character, situation and surroundings of the parties.

In the present situation, the substituted party plaintiff, the Estate of Irene Pastuszek, is in possession of assets, exclusive of those which could enure to it by equitable distribution valued at approximately $100,000. This valuation was stipulated at the time of the argument on the merits. There would be little need in such circumstances to issue an order for counsel fees to the estate, even if the matter was permitted to proceed.

Addressing ourselves to the issue of counsel fees for past services, while plaintiff was still alive, there has been no evidence presented that she needed contribution from defendant to promote the fair adjudication of her interests. Additionally, Section 502 of the Divorce Code provides:

"The Court may, upon Petition in proper cases, allow a spouse reasonable alimony pendente lite and reasonable Counsel fees and expenses."

The statute clearly states that awards of counsel fees are to be made to spouses. Since only a spouse can make such a claim, a claim for counsel fees and costs must abate with the death of the spouse and does not carry over to the spouses estate.

On the issue of the abatement of a claim for equitable distribution upon death of a party, the Divorce Code is silent on this issue and to date, our appellate courts have not had the opportunity to address themselves in this regard.

Section 401(c) of the Divorce Code provides:

"In all matrimonial causes, the Court shall have full equity power and jurisdiction and may issue Injunctions or other Orders which are necessary to protect the interest of the parties or to effectuate the purposes of this act . . ." .

Our courts have provided that lower courts may exercise their discretion in the equitable distribution of marital property. Estep v. Estep, 326 Pa. Super. 404, 474 A.2d 302 (1984); Kleinfelter v. Kleinfelter, 317 Pa. Super 282, 463 A.2d 1196 (1983). These authorities stand for general principles and do not deal with specifics in the situation where one of the parties has died after a divorce decree but prior to any determination of equitable distribution. We are guided by the language of the code to implement equitable principles and equitable powers in adjudicating rights under the code.

Equitable principles, therefore, dictate that requests for equitable distribution must abate upon the death of a party. To allow the heirs of decedent to reach "marital property" which was never owned by the decedent in this case at the time of her death would, in one instance, as pointed out ably in defendant's brief, defeat the statutory scheme of inheritance in Pennsylvania upon the accidental occurrence of the party's death. This court can not so interpret the Divorce Code as to defeat the statutory scheme embodied in the Probate, Estates and Fiduciary Code, 20 Pa. C.S. §101 et seq.

Accordingly, in interpreting the purposes of the Divorce Code and applying the principles of equity, it is the determination of this court that all ancillary actions in a divorce matter must abate upon the death of a party, hence the order of this court.

## ORDER

And now, this May 31, 1984, upon consideration of briefs and arguments submitted by respective counsel before this court, it is ordered and decreed that the defendant's petition to abate the ancillary matters outstanding in the above Divorce Action by reason of the death of plaintiff is hereby granted.

It is ordered and decreed that all outstanding ancillary matters in the Divorce Action of Irene Pastuszek v. Harry Pastuszek, No. 80-12030, are hereby terminated by reason of the death of party plaintiff.