## Thomason v. Thomason

*Victor A. Neubaum,* for plaintiff.
*N. Christopher Menges,* for defendant.

UHLER, *J.,* September 9, 1991—This matter is before the court on exceptions to a master's report and recommendation filed by both plaintiff, Franklin A. Thomason (husband) and defendant, Jessica Thomason (wife).

The parties were married on June 1, 1985, separated on December 19, 1989, and to date, 'no divorce has been granted. On May 8, 1991, husband filed a motion for appointment of a divorce master with respect to alimony pendente lite and various other claims.

The divorce master's hearing was held on May 30, 1991. The master's report and recommendation was filed on June 25, 1991. Husband filed exceptions on July 5, 1991, and an accompanying brief in support on July 9, 1991. On July 23, 1991, wife filed a brief in response to husband's exceptions to the master's report and recommendation. Oral arguments were held August 30, 1991.

Husband's first exception alleges error in the master's recommendation that husband should pay a reasonable order of alimony pendente lite, sufficient to meet wife's needs and within the guidelines of Rule 1910.16-2. Husband asserts, as set forth in master's finding of fact no. 9, that wife has been cohabiting with a person of the opposite sex who is not a member of wife's family within the degrees of consanguinity since approximately November 1990. As such, husband asserts that pursuant to 23 Pa.C.S. §3706 (1990), wife is not entitled to alimony pendente lite.

Husband's counsel admitted at oral argument that section 3706's cohabitation rule is a bar only to an award of alimony subsequent to the divorce rather than to alimony pendente lite. However, husband's counsel argued that although section 3706 refers only to alimony, the intent of section 3706 is to bar the receipt of any manner of support for a spouse cohabiting with a member of the opposite sex regardless of how the support is styled. Husband's counsel further argued, where alimony pendente lite

is a substitute for support, that the trend is to treat the two identically.

As wife admits that she has been cohabiting with a person of the opposite sex since November 1990, this is not at issue. What is at issue, however, is whether or not such cohabitation should be a bar to alimony pendente lite. 23 Pa.C.S. §3706 reads as follows:

"No petitioner is entitled to receive an award of alimony where the petitioner, subsequent to the divorce pursuant to which alimony is being sought, has entered into cohabitation with a person of the opposite sex who is not a member of the family of the petitioner within the degrees of consanguinity."

This court notes that alimony and alimony pendente lite are dissimilar and historically have been used for different purposes. *Oswald v. Oswald,* 263 Pa. Super. 85, 87, 397 A.2d 7, 8 (1979). Alimony pendente lite is designed to enable a dependent spouse to maintain an action in divorce. *Id.* As such, the general rule is that cohabitation does not bar alimony pendente lite, although it may bar alimony. *Miller v. Miller,* 352 Pa. Super. 432, 437, 508 A.2d 550, 553 (1986); *McKelvey v. McKelvey,* 16 D.&C. 3d 611, 616 (1980).

Furthermore, this court finds no validity in husband's assertion that where a spouse is cohabiting with a member of the opposite sex, the intent of section 3706 is to bar *any manner* of support regardless of how styled. Facially, section 3706 neither makes direct or indirect reference to alimony pendente lite. See also, *DeMasi v. DeMasi,* 366 Pa. Super. 19, 530 A.2d 871 (1987), where wife's remarriage did not affect alimony pendente lite. This court, therefore, holds that section 3706 was not designed as a bar to alimony pendente lite in the event of cohabitation.

For the above reasons, this court finds that the master's grant of alimony pendente lite sufficient to meet wife's needs and within the guidelines of Rule 1910.16-2 is appropriate. Husband's first exception is denied.

In the alternative, husband's second exception alleges error in the master's failure to make the alimony pendente life award retroactive to April 8, 1991; the date when husband raised the issue of alimony pendente lite. The master recommended that the alimony pendente lite award be made retroactive to November 1, 1990; the date wife left the family residence.

The general rule is that alimony pendente lite is retroactive to the date on which a party first raises a claim for alimony pendente lite. See *Dyer v. Dyer,* 370 Pa. Super. 377, 385, 536 A.2d 453, 457 (1988). Therefore, since wife has failed to file a counterclaim with a formal request for alimony pendente lite, this court deems it proper to make the alimony pendente lite award in the instant case retroactive only to April 8, 1991, the date on which husband filed a request to appoint a master with respect to the alimony pendente lite claim. Husband's second exception is granted.

Accordingly, the following order shall be entered.

## ORDER

And now, September 9, 1991, the following is ordered by the court.

(1) Franklin A. Thomason, plaintiff, is required to pay Jessica Thomason, defendant, alimony pendente lite in the sum of $1,000 per month.

(2) Said order of alimony pendente lite shall be retroactive to April 8, 1991.

(3) Payments on the alimony pendente lite order shall begin on the first Saturday following the date of this order. Husband further shall pay $150 per month on the arrears.